HENRY J. GOODALL v. PETER HENKEL.

*Ejectment—Declaration must state nature and extent of plaintiff's claim—
Omission of such averment is a fatal defect, and should be taken advan-
tage of by demurrer—But demands an affirmance of a judgment
rendered in favor of defendant on other grounds—How. Stat. sec.
6102—Is a statute of repose—Has become a rule of property in
this State—Too late to challenge its constitutionality.*

1. A declaration in ejectment which fails to state the *nature* and *extent*
   of plaintiff's claim to the land in dispute, as provided in sec. 7797,
   How. Stat., is fatally defective; the objection should be raised by
   demurrer, but the error is such as to demand an affirmance of a
   judgment rendered in favor of the defendant on other grounds.

2. On a review of the record the Court find that the five facts required
   to make defendant's title incontestible as against the plaintiff, under
   How. Stat. sec. 6102, are shown to exist,[1] and affirm the action of
   the lower court in directing a verdict in defendant's favor.

3. This statute is essentially one of *repose :* was first incorporated in the
   laws of Michigan by the revision of 1838, in the same language in
   which it now appears in the section cited; has become a rule of
   property in this State, and it is too late now to challenge its validity
   on constitutional grounds, if any such exist.

Error to Superior Court of Detroit.   (Chipman, J.)
Argued February 17, 1886.   Decided April 8, 1886.

Ejectment.   Plaintiff brings error.   Affirmed.

The defendant claimed title to the land in dispute under a
guardian's deed, of date December 9, 1850, executed upon a
sale made by virtue of a license granted by the probate
court of Wayne county, October 8, 1850.   The license was
granted on the ground that "it was for the benefit of the
minors therein named, that the real estate therein described
should be sold, and the proceeds invested in other more
productive real estate."

---

[1]For copy of the section referred to, and a full discussion of its provi-
sions, see *Blanchard v. DeGraff*, 60 Mich. 107.

The remaining facts, so far as necessary to a full under-standing of the opinion, are stated therein.

*J. S. Dewey*, *E. F. Conely*, and *Edgar Weeks*, for appellant:

Brief confined to a discussion of the validity of the pro-ceedings in the probate court of Wayne county culminating in the deed under which defendant claims title, and an argu-ment against the constitutionality of the curative statute cited in the opinion.

*Frederick T. Sibley* and *John H. Bissell*, for defendant:

Cited the following Michigan cases bearing on the ques-tion of the validity of the proceedings in the probate court: *Palmer v. Oakley*, 2 Doug. 433–496; *Howard v. Moore*, 2 Mich. 233; *Coon v. Fry*, 6 Id. 506; *Nichols v. Lee*, 10 Id. 529; *Marvin v. Schilling*, 12 Id. 356; *Woods v. Monroe*, 17 Id. 238; *Osman v. Traphagen*, 23 Id. 80; *Ryder v. Flanders*, 30 Id. 336; *Stewart v. Ashley*, 34 Id. 183; *Toll v. Wright*, 37 Id. 93; *Kelley v. Edwards*, 38 Id. 210; *Dexter v. Cranston*, 41 Id. 448; *Showers v. Robinson*, 43 Id. 502; *Reading v. Waterman*, 46 Id. 107; *Ellsworth v. Hall*, 48 Id. 407; *Persinger v. Jubb*, 52 Id. 304.

CHAMPLIN, J. The declaration in this case is as follows:

"*State of Michigan, County of Wayne, City of Detroit—*
*The Superior Court of Detroit.*

"Henry J. Goodall, of Jackson, Michigan, plaintiff herein, by J. S. Dewey, his attorney, comes and files this declaration as commencement of suit, and complains of Peter Henkel, of the city of Detroit, in said State of Michigan, defendant herein: for that, whereas, the said plaintiff, on the sixth day of March, in the year 1885, was possessed of the following real estate and premises, situate in the city of Detroit, county of Wayne, in said State of Michigan, and being known and designated as the west twenty feet (20) of the east half of lot thirty-eight (38), in section numbered six (6), in the city of Detroit, in the county of Wayne, and State of Michigan, according to the governor and judges' plan of said city; and he, the said plaintiff, being so possessed thereof, the said defendant afterwards, to wit, on the ninth (9th) day of March, in said last-mentioned year, entered into said premises, and unlawfully withholds from said plaintiff the possession there-

of, to the damage of said plaintiff fifty thousand dollars, and therefore he brings suit," etc.

" J. S. Dewey, Attorney for Plaintiff.<br>
" Edgar Weeks, of Counsel."

A plea of the general issue and notice of the statute of limitations were interposed, and a trial had, which resulted in a verdict and judgment for the defendant.

The action of ejectment in this State is regulated by statute. Section 7794 of Howell's Statutes provides that,

" It shall be sufficient for the plaintiff to aver in his declaration, that on some day therein to be specified, and which shall be after his title or right accrued, he was possessed of the premises in question, describing them as hereinafter provided; and, being so possessed thereof, that the defendant afterwards, on some day to be stated, entered into such premises; and that he unlawfully withholds from the plaintiff the possession thereof, to his damage, any nominal sum the plaintiff shall think proper to state."

This section must be read in connection with section 7797, which enacts:

" If the action be brought for the recovery of dower, the declaration shall state that the plaintiff was possessed of the one undivided third part of the premises, as her reasonable dower as widow of her husband, naming him. In every other case the plaintiff shall state whether he claims in fee, or whether he claims for his own life, or for the life of another, or for a term of years, or otherwise, specifying such lives, or the duration of such term."

The requirement of this section is mandatory, and the declaration is fatally defective without it complies therewith. The verdict must follow the declaration in this respect: Section 7815, sub. 7. In actions for the recovery of real property the declaration must state the nature and extent of the plaintiff's claim: *Michigan Cent. R. R. Co. v. McNaughton*, 45 Mich. 91; *Kinney v. Harrett*, 46 Mich. 90; *Allie v. Schmitz*, 17 Wis. 169–174; *Ballance v. Rankin*, 12 Ill. 420: Tyler Ejectm. 39.

The defendant should have demurred to the declaration.

The error is such, however, that it calls for an affirmance of the judgment.

We have looked into the errors assigned upon the objections to the validity of the guardian's sale, and we agree with the judge of the superior court that the five facts required to make the title of the defendant incontestible as against the plaintiff, under section 6102, How. Stat., appear from the record before us, and therefore the learned judge was right in directing a verdict for the defendant for that reason. The statute is essentially a statute of repose, and was first incorporated in our laws by the revision of 1838, in exactly the same language in which it exists to-day. It was retained in the revision of 1846, and has continued without change until the present time,—a period of nearly fifty years. It has become a rule of property in this State, and it is too late now to challenge its validity on constitutional grounds, if any such exist.

The judgment must be affirmed, and the case remanded to the superior court for the city of Detroit, in order that the plaintiff may take such further action under the statute as he may be advised.

The other Justices concurred.