## CATHERINE LOCKE, ADMINISTRATRIX, v. JOHN J. SPEED, CIR-CUIT JUDGE.

*Inquest— Upon view of dead body of stranger—Duty of circuit judge to allow account for same if satisfied that it is correct—Under How. Stat. secs. 9593-7—Prima facie case to be made by claimant by affidavit or otherwise—Circuit judge may require such further proofs as he may deem necessary—Arbitrary rejection not permissible—Claim is against the State—Which cannot be sued for it—State Treasurer can only pay after allowance by circuit court—Board of State Auditors not authorized to act upon such claim—How. Stat. sec. 9593, one of repose—Constitutionality of provision for allowance by county or circuit court never before questioned—Not now open to assault.*

1. *Mandamus* will lie to compel a circuit judge to *consider* the account of a coroner for fees and expenses incident to an inquest upon the view of the dead body of a *stranger*, under How. Stat. §§ 9593-7,[1] and, if satisfied that the account is correct, indorse his order of allowance thereon. The statute contemplates that a *prima facie* case shall be made by the claimant, by affidavit or otherwise, of the *reasonableness* and *correctness* of the claim presented, and for that purpose the circuit judge may require such *further* proofs as he may deem necessary; but when *such* a case is made, and it satisfactorily appears to the court that the account presented is *correct*, the order for allowance should be made.

2. What course might be taken in the event of the refusal of the circuit court to give the order of approval on the *merits* of the claim is not deemed necessary to decide, but it is suggested that "due process of

---

[1]How. Stat. § 9593.—" When any justice of the peace shall take an inquest upon the view of the dead body of a stranger, or, being called for that purpose, shall not think it necessary, on view of such body, that an inquest should be taken, he shall cause the body to be decently buried; and if the justice of the peace shall certify that to the best of his knowledge and belief the person found dead was a stranger not belonging to this State, the expenses of burial, with the justice's fees, and all the expenses of the inquisition, if any was taken, shall be paid to the justice of the peace from the State Treasury, the account of such expenses and fees being first allowed by the circuit court for the county; in all other cases the expenses and fees shall be paid by the county in which the inquisition was taken." See Act 103, Laws of 1885.

§ 9597.—" Any coroner shall have power to hold inquests anywhere within the county for which he shall be elected, and all provisions of law relating to the holding of inquests and the disinterment of dead bodies for the purpose of holding inquests thereon by justices of the peace, are hereby made applicable to inquests so held by coroners; and all powers by the general laws of this State conferred upon justices of the peace, relative to such inquests, are hereby conferred upon such coroners."

law " will in some manner be found available to the claimant before he can be deprived of his *just* rights.

3. Such a claim is against the State, which body cannot be sued for it, and it is only *after* the order of allowance has been made by the circuit court that the State Treasurer is permitted to pay such claim.[1]

4. Under article 8, § 4, of the constitution, a Board of State Auditors was created, authorized to examine and adjust *all* claims against the State not *otherwise* provided for by *general* law; but at that time the statutory provision for the allowance of *this* class of claims existed, and the Board of State Auditors have no *jurisdiction* over the same.

5. The *right* and *duty* of the county or circuit court to make the order asked for in this case do not seem to have been questioned until now, and it is too *late* to urge that it was *incompetent* for the Legislature to require *such* service of circuit courts. . Such action by the Legislature, followed by long and continued acquiescence by the people and the courts, unless in *open* and *palpable* violation of some *clearly* expressed provision of the constitution, should be allowed to control. *Goodall v. Henkel,* 60 Mich. 382 (head-note 3).

Mandamus. Submitted June 21, 1886. Granted July 15, 1886. The facts are stated in the opinion.

*Edward S. Grece,* for relator :

Counsel cites How. Stat. §§ 9593–9597, under which it is claimed the circuit courts have for years allowed the fees of coroners in cases like relator's. ·

In support of the constitutional right of the Legislature to require such action, and of the circuit court to perform it, counsel cites art. 6, § 8, of the constitution, and How. Stat. §§ 6466–7.

At common law the coroner held a court, and was under the supervision of the chief justice of the King's Bench, who was the principal coroner of the kingdom : 1 Blackstone's Com. 346.

The coroner's office was principally *judicial*, and among its duties was inquiry into the *cause* of the death of " one dying in prison." Id. 348.

Blackstone, in enumerating the various courts at common law, says : " The court of the coroner is also a court of record," and " one of the criminal courts of the kingdom :" 4 Blackstone's Com. 274.

In this State the coroner holds a sort of inferior court.

---

[1] See *Bresler v. Butler,* 60 Mich. 40 (head-note 2).

The law provides the machinery of a court and jury for inquiring into matters which he must investigate. He issues subpoenas for and swears witnesses, and may issue a warrant to apprehend persons suspected of homicides, and may bind over witnesses to attend court and testify against the party accused: How. Stat. chap. 336.

How. Stat. § 9593, mentions only justices' inquests, and makes it the duty of judges of circuit courts to allow their bills in cases like this.

A justice's court is "an inferior tribunal," under the "supervisory control" of the circuit court, and none the less so when holding an inquest; and for this reason the Legislature may have imposed this duty upon such circuit court.

How. Stat. §§ 9595–7, make the law relating to justices' inquests apply to coroners.

This statutory provision has existed ever since our State has had an existence, and is a "statute of repose." It has never before been brought in question, and it is too late to challenge its validity on constitutional grounds, if any such exist: *Goodall v. Henkel*, 60 Mich. 382.

*Moses Taggart*, Attorney General, for respondent :

The Board of State Auditors are to "examine and adjust *all* claims against the State not otherwise provided by law" : Const. art. 8, § 4.

No act has been passed permitting suits against the State, and such suits cannot be maintained: *Mich. State Bank v. Hastings*, 1 Doug. 225; *Ambler v. Auditor General*, 38 Mich. 746.

Under the *old* constitution no claim against the State could be allowed but by the Legislature, except *ordinary* ones which became fixed by the action of various auditing officers and involved no important inquiry : *Ayres v. State Board of Auditors*, 42 Mich. 422.

No method is provided for the hearing of claims of this character, and no notice is required to be given to the State, or any officer representing the State, of their presentation to the circuit court for allowance. They do not consist alone of fixed fees, but of expenses, the amount of which is a matter of adjudication from evidence offered, and which are indefinite and uncertain. Is this "due process of law?"

The jurisdiction of circuit courts is fixed by art. 6, § 8, of the constitution, and, while given a *supervisory* control over inferior courts, *this* refers to the proceedings of such

courts in matters brought before them in the *ordinary* way.
See *Houseman v. Kent Circuit Judge*, 58 Mich. 364.

How. Stat. § 9593, only provides for inquests held by
justices of the peace, and § 9595 does not extend to the
collection or establishment of accounts by the coroner.

SHERWOOD, J.   Joseph Locke in his life-time was a cor-
oner in the county of Wayne, and, as such officer, held an
inquest on the dead body of a stranger, a non-resident of the
State, whose name was Andrew J. Levy, on the thirteenth
day of April, 1885, at the house of correction in the city of
Detroit.

Mrs. Locke, after the death of her husband, and as the
administratrix of his estate, presented an itemized bill for
the expenses, services, and usual disbursements in such cases,
to Judge Speed, of the Wayne circuit, for allowance in pur-
suance of chapter 336, How. Stat.   The petition for allow-
ance, and accompanying proofs, showed the services were
rendered by Locke as coroner, and that the expenses and
disbursements claimed for were duly made ; that the charge
therefor, and for his services, were such as are provided for
by law (see § 9593, How. Stat.);[1] that no part of the same
had been paid ; and that the petitioner was entitled to the
same.

The circuit court refused to order the allowance of the
bill, for the following reasons, stated in his return to the or-
der of this Court to show cause why a *mandamus* should not
issue requiring him to indorse his order of approval, viz.:

1. It is not competent for the Legislature to impose upon
the circuit judge the duty of auditing accounts against the
State.

2. The particular statutes (How. Stat. §§ 9593–7) make
no provision for either hearing of parties, or trial by testi-
mony of witnesses, nor do they provide, other than by the
information afforded by the certificate of the coroner, any
means of ascertaining the correctness of the accounts.

3. The power under such a statute, being merely one to
audit, and not to try and determine, is not a judicial power,
which, under the constitution, can be exercised by the courts.

---

[1] Amended by Act 103, Laws of 1885.

I think the circuit court should have indorsed the order of allowance upon this account, and I am unable to discover any sufficient reason why he should not be required to do so now.

The account was one proper to be paid by the State, if found correct. The proofs accompanying the account as presented, were sufficient, *prima facie*, to show its correctness.[1] How. Stat. § 9593.

The petitioner's claim is against the State. The State cannot be sued for it: *Michigan State Bank v. Hastings*, Walk. Ch. 9; S. C. 1 Doug. 236; *Ambler v. Auditor General*, 38 Mich. 750; *Ayres v. State Auditors*, 42 Id. 427; *U. S. v. Clarke*, 8 Pet. 436; *Reeside v. Walker*, 11 How. 272; and it is only after the order of allowance has been made by the circuit court that the State Treasurer is permitted to pay the relator's claim: How. Stat. § 9593.

Article 8, § 4, of the constitution provides that—

" The Secretary of State, State Treasurer, and Commissioner of the State Land Office shall constitute a board of State Auditors to examine and adjust all claims against the State not otherwise provided for by general law."

At the time this article was adopted the clause of the statute now under consideration was in force, requiring the circuit court to allow the coroner's claim for services for holding inquests, and disbursements made, the same as it now exists, and had been during our State existence, and has so

---

[1] The *prima facie* showing referred to was as follows:

The petition of the administratrix, with a certified copy of her letters, as also the following proofs of the correctness of the account of her deceased husband, as coroner, which she asked the court to indorse, namely:

1. Affidavit of hall-master of Detroit house of correction showing his presence when inquest was held, and that Locke acted as coroner, and rendered the services and incurred the expenses charged for in the account rendered.

2. Affidavit of physician present at inquest, who had treated deceased, and who testified to cause of death.

3. Affidavit showing admission of deceased to house of correction from Arkansas, convicted (in federal court) of introducing liquor into Indian Territory.

4. Inquisition signed by coroner and jury.

5. Itemized account of coroner for his fees and for jurors' fees, amounting to $20.36, certified by him to be correct.

ever since continued: Rev. Stat. 1838, p. 677, § 10; Rev. Stat. 1846, p. 705, § 11; 2 Comp. Laws 1857, p. 1598; Comp. Laws 1871, p. 2183, § 11; How. Stat. § 9593.

Both the right and duty of the county or circuit court to make the order of approval asked for in this case, so far as I have been able to ascertain, do not seem to have been questioned until this application; and I think it is too late now to urge that it was incompetent for the Legislature to require such service of circuit courts. *Goodall v. Henkel*, 60 Mich. 382 (head-note 3). Such action of the Legislature, followed by long and continued acquiescence by the people and the courts, unless in open and palpable violation of some clearly expressed provision of the constitution, should be allowed to control. I think the case comes within the clause, "otherwise provided by law," contained in the section of the eighth article of the constitution above referred to.

It is suggested by the Attorney General that it was the design of the framers of the present constitution that the duties of the three departments of the State government should be kept separate as far as possible, and that those appertaining to the other departments should not be required of the judicial. This is unquestionably true. *Houseman v. Kent Circuit Judge*, 58 Mich. 367. But the act required to be done is preliminary in its character, and in its nature, to a certain extent, is judicial, and, in my judgment, more properly comes under the duties of that department than under either of the others.

It is unnecessary now to decide what course might be taken in the event of the refusal of the circuit court to give the order of approval on the merits of the claim. Still I think I may safely say that due process of law will in some manner be found available to the relator before she can finally be deprived of her just rights.

The statute contemplates that a *prima facie* case will be made by the petitioner, by affidavit or otherwise, of the reasonableness and correctness of the claim presented, and for that purpose the circuit judge may require such further proofs as he may deem necessary; but when such a case is

made, and it satisfactorily appears to the court that the account presented is correct, the order for allowance should be made.

I think in this case a *mandamus* should issue requiring the circuit judge to consider the case presented by the relator, and, if·satisfied that the account is correct, he should grant the order of allowance.

CHAMPLIN and MORSE, JJ., concurred.

CAMPBELL, C. J. .(*dissenting*). I do not think a judge can be compelled, unless he chooses, to perform duties not judicial.