FREDERICK CHAMBE AND MARGARET SCHNECK, EXECUTORS,
ETC., v. EDGAR O. DURFEE, JUDGE OF PROBATE
OF WAYNE COUNTY.

*Constitutional law — Inheritance tax — Application of funds —*
*Specific taxes.*

1. The provisions of section 1, art. 14, of the Constitution, that
"all specific State taxes, except those received from the min-
ing companies of the Upper Peninsula, shall be applied in
paying the interest upon the primary school, university, and
other educational funds, and the interest and principal of the
State debt, in the order herein recited, until the extinguish-
ment of the State debt other than the amounts due to educa-
tional funds, when such specific taxes shall be added to, and
constitute a part of, the primary school interest fund," are
mandatory, and the Legislature has no power to place the
moneys arising from such taxes into any other fund; citing *Wal-
cott v. People*, 17 Mich. 68; *Youngblood v. Sexton*, 32 Id. 406.

2. Act No. 205, Laws of 1893, commonly known as the "Inheri-
tance Tax Law," section 20 of which provides that all taxes
levied and collected under said act shall be paid into the State
treasury for the use of the State, and be applicable to the
expenses of the State government, and to such other purposes
as the Legislature shall by law direct, is in conflict with sec-
tion 11, art. 14, of the Constitution, which requires the Legis-
lature to provide a uniform rule of taxation, except on prop-
erty paying specific taxes, if the tax provided for in said act
is to be regarded as a tax upon property; and, if it is a specific
tax, said section 20 contravenes section 1, art. 14, of the Con-
stitution, hereinbefore cited, in that it seeks to apply said tax
to a different object than that specified in said section of the
Constitution.

3. As, under the express terms of the Constitution, the moneys
arising from the collection of taxes under said act cannot be
applied to the object therein stated, the entire act must be
held unconstitutional, it being impossible for the Court to say
that any part of the act would have met the approval of the
Legislature had the moneys arising from said tax been appro-
priated as provided by the Constitution.

Relators applied for a writ of prohibition against respond-

ent, restraining any proceedings under Act No. 205, Laws of 1893, in the matter of the estate of their testatrix. Argued January 16 and 17, 1894. Granted April 17, 1894. The facts are stated in the opinion.

*Wells, Angell, Boynton & McMillan,* for relators.

*A. A. Ellis,* Attorney General, for respondent.

LONG, J.· Relators are executors of the will of Mary Suess, deceased. The county treasurer applied to the probate judge to appoint an appraiser of said estate to determine its valuation for taxation, under Act No. 205, Laws of 1893. Relators answered the petition, denying the jurisdiction of that court in the premises, on the ground that the act was unconstitutional. This objection in the answer was overruled. This proceeding is for a writ of prohibition against the probate judge, restraining any proceedings under said act.

The act is entitled—

"An act to provide for the taxation of certain transfers of property by gift, grant, inheritance, devise, or bequest."

It is quite unnecessary to set out the provisions of the act here, except in so far as they bear upon the question which we shall discuss. Section 20 of the act provides:

"All taxes levied and collected under this act shall be paid into the treasury of the State for the use of the State, and shall be applicable to the expenses of the State government, and to such other purposes as the Legislature shall by law direct."

Section 14, art. 14, of the Constitution of this State, provides that—

"Every law which imposes, continues, or revives a tax shall distinctly state the tax, and the object to which it is to be applied."

Section 1, art. 14, provides that—

"All specific State taxes, except those received from the mining companies of the Upper Peninsula, shall be applied in paying the interest upon the primary school, university, and other educational funds, and the interest and principal of the State debt, in the order herein recited, until the extinguishment of the State debt other than the amounts due to educational funds, when such specific taxes shall be added to, and constitute a part of, the primary school interest fund."

It is contended by the relators that the tax provided by the act is one upon property, and not upon the transfers, and the act is therefore void, because it contravenes section 11, art. 14, of the Constitution, which provides that—

"The Legislature shall provide an uniform rule of taxation, except on property paying specific taxes."

The Attorney General contends that it is a tax upon transfers, and not upon property, and therefore the act cannot be construed as coming within section 11, art. 14, of the Constitution, providing for a uniform rule of taxation, and concedes that, if it be regarded as a tax upon property, it would contravene that provision.

Section 1 of the act provides:

"After the passage of this act, a tax shall be and is hereby imposed upon the transfer of any property, real or personal, of the value of $500 or over, or of any interest therein or income therefrom, in trust or otherwise, to persons or corporations, on real or personal property, in the following cases."

The section then specifies what transfers shall be made subject to the tax, which is at the rate of 5 per cent. of the clear market value.   Section 2 provides that transfers to a certain class of persons, being those nearest of kin, shall not be subject to the tax, unless the transfers are of personal property of the value of $5,000 or more, and then at the rate of 1 per cent. of the clear value.

It is conceded that, if this be a tax upon property, it violates the clause of the Constitution above quoted, requiring uniformity. If, however, it be regarded as a specific tax, can the act be upheld? If a specific tax, the moneys arising from it could not be applied in a different way than that provided by the Constitution,—that is, paying the interest on the primary school, university, and other educational funds, and the interest and principal of the State debt, and, when that is extinguished, the residue to be added to, and constitute a part of, the primary school interest fund. The Legislature has attempted by section 20 of the act to apply the money arising from the tax to the expenses of the State government, and to such other purposes as the Legislature may direct. These provisions of the Constitution as to the application of the funds arising from specific taxes are mandatory, and the Legislature has no power to place the moneys arising from such taxes into any other fund than those designated. *Walcott v. People,* 17 Mich. 68; *Youngblood v. Sexton,* 32 Id. 406. The moneys, therefore, arising from this tax, if it be regarded as a specific tax, must go into a different fund by this constitutional provision than that designated by the Legislature under section 20 of the act. The only question, then, is whether, treating this part of the act as void, the remainder of it can be held valid.

It is a well-settled rule in this State that a statute unconstitutional in part may be valid as to the remaining provisions. *Ames v. Booming Co.,* 6 Mich. 266. If, however, the constitutional provisions of the act are not capable of accomplishing the object of the statute, the whole statute must fail. *Feek v. Township Board,* 82 Mich. 393; *Smith v. City of Saginaw,* 81 Id. 123, 131. Our Constitution, as is seen, provides that every law which imposes a tax must state the object to which it is to be applied.

In this law the object was stated, and it is found that, within the express terms of the Constitution, the moneys arising from it cannot .be so applied. This must defeat the whole act, for it is impossible for this Court to say that any part of the act would have met the approval of the Legislature had the moneys arising from the tax been appropriated in the act as provided by the Constitution. It is safe to say that if the Legislature had' supposed these moneys arising from the tax could not be appropriated to the general State fund, and made applicable to the general expenses of the State government, the act would not have met with the legislators' approval. For these reasons, we think the whole act must be held void.

The writ of prohibition must therefore issue as prayed.

The other Justices concurred.