UNION TRUST CO. *v.* WAYNE PROBATE JUDGE.

1. TAXATION—PROPERTY—AD VALOREM TAXES—UNIFORMITY.
   A tax on property at a valuation fixed by assessors must conform to the rule of uniformity, since it cannot be considered a specific tax.

2. SAME—INHERITANCE TAX—PRIVILEGE.
   A succession tax is a tax not on property, but on the privilege of inheritance.

3. SAME—BASIS OF ASSESSMENT.
   Succession taxes may be based on the value of the property which is the subject of.the privilege.

4. SAME—DUE PROCESS OF LAW—NOTICE OF ASSESSMENT.
   An act creating a succession tax, to be based on a valuation of the property, is not unconstitutional, as taking private property without due process of law, in not providing for personal notice and an opportunity to resist the assessment, since it does not take the property of the legatee, but merely imposes a condition on his right to acquire it.

5. SAME — COLLECTION — PROBATE  COURT — DISTRIBUTION  OF POWERS.
   Act No. 188, Pub. Acts 1899, providing for a tax on inheritances, is not unconstitutional, as conferring powers not judicial upon the probate court; the imposition and collection of the tax, as prescribed in the act, being necessarily incident to the settlement of the estate.

6. SAME—STATUTES—REFERENCE TO OTHER LAWS.
   The fact that the inheritance tax law (Act No. 188, Pub. Acts 1899) provides (section 1) that the tax shall be imposed upon persons or corporations "not exempt by law from taxation on real or personal property," and (section 11) that the value of estates dependent on any life shall be determined by the mortality rule employed by insurance commissioners in ascertaining the value of life policies, does not render it obnoxious to article 14, § 14, of the Constitution, requiring every tax law to state distinctly the tax and the object to which it is to be applied, without referring to any other law to fix such tax or object.

| 125 | 487 |
|-----|-----|
| 126 | 39 |
| 125 | 487 |
| s84NW1101 | |
| 125 | 487 |
| s84NW1101 | |
| 130 | 4167 |
| 125 | 487 |
| 142 | 2494 |
| 125 | 487 |
| 154 | 12 |

7. SAME—PROVISIONS FOR COLLECTION—SUFFICIENCY.
    The law clearly prescribes the method of enforcing collection
    of the tax, and the fact that there is no established practice
    of the probate court in like cases for the service of citations
    out of that court, and the hearing thereon, and the enforce-
    ment of the order of the court (section 14), does not affect
    the validity of the act.

8. SAME — SPECIFIC TAXES — APPLICATION — UNCONSTITUTIONAL
    PROVISION.
    Under Const. art. 14, § 1, requiring all specific taxes to be
    applied in paying the interest on the primary school fund,
    etc., so much of Act No. 188, Pub. Acts 1899, as provides for
    the payment of fees, expenses, and cost of possible litigation
    in collection out of the tax collected, is unconstitutional.

9. SAME—VALIDITY IN PART.
    That the provision for the payment of such fees, etc., out of
    the fund is unconstitutional, will not affect the validity of the
    remainder of the act.

10. SAME—ASCERTAINMENT—PROGRESSIVE RATE—UNIFORMITY.
    That the progressive rate is adopted in ascertaining the amount
    of the tax does not render the act invalid on the ground of
    nonuniformity.

Application by the Union Trust Company, Mary E.
Smith, and James C. McCaul, executors of the last will
and testament of Martin S. Smith, deceased, for a writ of
prohibition to restrain Edgar O. Durfee, probate judge
of Wayne county, from enforcing the provisions of the
inheritance tax law.     Submitted June 12, 1900.     Writ
denied January 29, 1901.

*Moore & Goff* and *Russel & Campbell,* for relators.

*Horace M. Oren,* Attorney General, and *Roger I.
Wykes,* for respondent.

HOOKER, J.   The legislature has made two attempts to
impose a tax upon legacies and inheritances.   The first of
its enactments was passed in 1893, and was held uncon-
stitutional.   See *Chambe* v. *Wayne Probate Judge,* 100
Mich. 112 (58 N. W. 661).   Upon the argument of that
case it was conceded by the attorney general that, if the

act imposed a tax upon property, it violated section 11 of article 14 of our Constitution, which provides that "the legislature shall provide an uniform rule of taxation, except on property paying specific taxes;" but it was claimed that the tax prescribed was a specific tax, and therefore one within the exception of the section. The act provided (section 20) that:

"All taxes levied and collected under this act shall be paid into the treasury of the State for the use of the State, and shall be applicable to the expenses of the State government, and to such other purposes as the legislature shall by law direct." Pub. Acts 1893, Act No. 205.

We held that, if it could be regarded a specific tax, it was in violation of section 1 of article 14 of the Constitution, requiring a different application of specific taxes than that prescribed; and it is perhaps a fair inference that it was the opinion of the court that, if it were not to be so regarded, it must be taken as a general tax upon property, void for want of uniformity. We may remark in passing that the interpretation given of this decision in Dos Passos on Inheritance Tax Law, p. 51, wherein it is said that "in Michigan, however, a statute was held void for failure to distinctly state. the tax, and the object to which it was to be applied," is erroneous. Instead of omitting to state the application to be made of the fund, tho law stated it with fatal accuracy. The author states the decision correctly on page 45. The court had previously held that an omission to state the object of a special tax was unimportant, as it would be presumed that it was the intention that the fund should be applied in conformity to the requirements of the Constitution. See *Walcott* v. *People*, 17 Mich. 68.

In 1899 the legislature passed the second act imposing a tax upon legacies and inheritances. Act No. 188, Pub. Acts 1899. This act is now before us on an application for a writ of prohibition to restrain the probate court for the county of Wayne from applying and enforcing its provisions in the matter of an estate pending therein.

As before, the attorney general seems to concede that, if this is a tax upon property, it is in violation of section 11 of article 14, unless it can be called a specific tax upon property, and therefore within its exception; a concession (if we are right in understanding it to be made) which is, in our opinion, justified by the *Case of Chambe* and the later case of *Pingree* v. *Auditor General*, 120 Mich. 95 (78 N. W. 1025). The latter case has settled the rule that an *ad valorem* tax upon property must conform to the uniform rule for the general taxation of property, and that such is not a specific tax, which will be found unequivocally stated in each of the opinions filed in that case. The chief justice (GRANT) said:

"A tax based upon the assessed cash value of the property assessed is not a specific tax. It is an *ad valorem* tax, and any enactment by a legislature that it is a specific tax does not make it so; otherwise, the legislature could determine what was meant by the use of terms in the Constitution which have a well-defined meaning. The fact that, in imposing a specific tax, the value of the thing taxed is taken into consideration in determining the amount of it, does not change the nature of the tax."

Mr. Justice MONTGOMERY'S opinion begins with the statement:

"I think it cannot be maintained that a tax on property based on assessment is a specific tax. The definition of 'specific tax' stated by Judge Cooley is a tax which 'imposes a specific sum by the head or number, or by some standard of weight or measurement, and which requires no assessment beyond a listing and classification of the subjects to be taxed.'"

And it quotes approvingly the language of the Massachusetts court in *Com.* v. *Hamilton Manfg. Co.*, 12 Allen, 302, that:

"'The statute does not require that there should be any return made of the personal property held by corporations to the board of commissioners who are to fix the amount on which the assessment is to be reckoned; nor is there any valuation or estimate of such property to be made in

order to arrive at the amount of the excise or duty.' In the same opinion the court say: 'It certainly cannot be contended that the legislature can legitimately impose a tax on property in the name or under the guise of levying an excise or duty. Such legislation would be a palpable evasion of a distinct and clearly-defined constitutional restriction, and would substitute an unequal and arbitrary system of taxation upon property for one which was intended by the constitution to be equal and proportional.' In no case to which my attention has been called ' has a tax imposed on the property of a corporation at a valuation fixed by assessors been treated as a tax on a franchise, as distinguished from a tax on property."

This reduces the most prominent point in the case to the question whether or not this law imposes an *ad valorem* tax on property. If it does, it is not a specific tax, and therefore not within the exception of section 11. Counsel for the relators contend that this tax is such a tax. Respondent's contention is that it is a tax upon the *transfer* of property, and is based upon the proposition that *inheritance* is not a *natural right,* but a creature of the statute and the bounty of the public. The conclusion that this statute imposes an *ad valorem* tax upon property can only be avoided by saying that it is not a tax upon *the* property, and that, therefore, the *ad valorem* feature, which, so far as assessment upon the value is concerned, is certainly present, is wanting, because it is not an assessment upon the value of the *property taxed.* In short, the claim of the respondent is that this is a tax upon a privilege, viz., the privilege of succession, and that there is a legal distinction between a tax upon the property itself, assessed upon the basis of its value, and a tax upon this privilege, assessed upon the basis of *its* value, which is measured by the value of that which is the subject of the privilege, viz., the property. Unless this is a distinction without a substantial difference, the respondent is right.

The power of the State to tax civil rights as privileges is undoubted. It extends so far as to cover occupations

and sales. Every laborer or farmer, merchant, mechanic, or professional man may be taxed for the privilege of pursuing his calling ( Cooley, Tax'n [ 2d Ed.], 570 *et seq.;* *Webber* v. *Virginia,* 103 U. S. 344; *Shepperd* v. *Sumter County Com'rs,* 59 Ga. 535 [27 Am. Rep. 394] ); and every merchant who sells goods, or farmer who raises and sells cattle, may be required to pay a tax for the privilege of selling ( Cooley, Tax'n [2d Ed.], 31, 177, 578, 602). " The legislature may raise revenues by capitation taxes, by special taxes upon carriages, horses, servants, dogs, franchises, and upon every species of property, and upon all kinds of business and trades." *People* v. *Mayor, etc., of Brooklyn,* 4 N. Y. 419 ( 55 Am. Dec. 266); *Stuart* v. *Palmer,* 74 N. Y. 183 ( 30 Am. Rep. 289 ); *People* v. *Equitable Trust Co.,* 96 N. Y. 387 ; *President, etc., of Portland Bank* v. *Apthorp,* 12 Mass. 252; *In re McPherson,* 104 N. Y. 306 ( 10 N. E. 685, 58 Am. Rep. 502 ); 1 Desty, Tax'n, 316. These are not taxes upon property, and have not usually been called such. They are held to be taxes upon privileges or civil rights held and exercised by sanction of law. Among civil rights sanctioned by law is the right of succession of property, and many cases hold that such a tax is a tax upon a privilege, and not a tax upon property, and that such taxes are not usually prohibited by the provisions of State constitutions requiring uniformity of taxation, because taxes on property are alone referred to in such provisions. Among the cases cited by counsel are the following: *Strode* v. *Com.,* 52 Pa. St. 181; *Scholey* v. *Rew,* 23 Wall. 331; *Mager* v. *Grima,* 8 How. 490; *Tyson* v. *State,* 28 Md. 587; *Eyre* v. *Jacob,* 14 Grat. 438 ( 73 Am. Dec. 367 ); *U. S.* v. *Perkins,* 163 U. S. 629 ( 16 Sup. Ct. 1073 ); *State* v. *Alston,* 94 Tenn. 674 ( 30 S. W. 750, 28 L. R. A. 178 ); *State* v. *Ferris,* 53 Ohio St. 314 ( 41 N. E. 579, 30 L. R. A. 218 ); *State* v. *Hamlin,* 86 Me. 495 ( 30 Atl. 76, 25 L. R. A. 632, 41 Am. St. Rep. 569 ); *Maryland* v. *Dalrymple,* 70 Md. 294 ( 17 Atl. 82, 3 L. R. A. 372 ); *Knowlton* v. *Moore,* 178 U. S. 41 ( 20 Sup. Ct. 750 ); *Magoun* v. *Sav-*

*ings Bank*, 170 U. S. 288 (18 Sup. Ct. 594); *Walcott* v. *People*, 17 Mich. 68, 83; *Youngblood* v. *Sexton*, 32 Mich. 413 (20 Am. Rep. 654). There are cases which hold a succession tax to be a tax upon property. See *In re Cope's Estate*, 191 Pa. St. 1 (43 Atl. 79, 45 L. R. A. 316, 71 Am. St. Rep. 749); *State* v. *Ferris*, 53 Ohio St. 314 (41 N. E. 579, 30 L. R. A. 218); *State* v. *Gorman*, 40 Minn. 232 (41 N. W. 948, 2 L. R. A. 701); *Curry* v. *Spencer*, 61 N. H. 624 (60 Am. Rep. 337). And see *State* v. *Switzler*, 143 Mo. 287 (45 S. W. 245, 40 L. R. A. 280, 65 Am. St. Rep. 653). Many other cases might be cited in support of the proposition that it is a tax upon the privilege, rather than upon property, which will be found by consulting some of the cases above cited. We are of the opinion that the overwhelming weight of authority supports it.

It being assumed that it is not a tax upon property, it is said that neither is it a specific tax, because it has the *ad valorem* feature, in that its amount is not arbitrary, but is based on the value of the property which is the subject of the privilege; and it is said that it was held in the case of *Pingree* v. *Auditor General*, 120 Mich. 95 (78 N. W. 1025), that such element could not enter into a specific tax. In the case of *Chambe* v. *Wayne Probate Judge*, 100 Mich. 112 (58 N. W. 661), it was held that a succession tax was void because it was a specific tax, and that its application to purposes set forth in the act was contrary to the provisions of the Constitution. The case was disposed of on that ground. The *Case of Pingree*, subsequently decided, involved a tax upon property, and the discussion of the subject therein was limited to specific taxes upon property, although other specific taxes—such as taxes upon occupations and privileges—were recognized. Our attention is called to several provisions of this law which it is said fix upon it the nature of a property tax; but we think they should not be conclusive. The act, as a whole, indicates its character to be a succession or privilege tax, and not a tax upon property.

It is said that the act is void because it does not provide for a personal notice, and opportunity to resist the assessment, and that it therefore takes private property without due process of law. This loses sight of the fact that it is not taking the property of the legatee, but is imposing a condition upon the acquisition of property.

We are of the opinion that there is no force in the point that duties not judicial are imposed upon the judge of probate. These duties, as held in the cases of *State* v. *Gloucester Circuit Judge*, 50 N. J. Law, 585, 611 (15 Atl. 272, 1 L. R. A. 86), and *In re McPherson*, 104 N. Y. 306 (10 N. E. 685, 58 Am. Rep. 502), are necessarily incident to the settlement of estates, and may be performed by the judge of probate. See, also, *Locke* v. *Wayne Circuit Judge*, 62 Mich. 408 (28 N. W. 917).

It is said that reference is necessary to other acts to determine what persons and property are exempt from the operation of the act, and in what manner values in certain cases shall be determined. Thus, section 1 provides that the tax shall be imposed upon persons or corporations "not exempt by law from taxation on real or personal property." Section 11 provides:

"The value of every future or contingent or limited estate, income, interest, or annuity dependent upon any life or lives in being shall be determined by the rule, method, and standard mortality and value employed by the commissioners of insurance in ascertaining the value of policies of life-insurance companies."

Section 14 of article 14 of the Constitution provides:

"Every law which imposes, continues, or revives a tax shall distinctly state the tax and the object to which it is to be applied, and it shall not be sufficient to refer to any other law to fix such tax or object."

We think this is hypercritical. The tax is clearly defined, and no other law is referred to, either to fix the tax or its object. It is imposed upon everybody who is not exempt. If the provisions of the general law were incorporated, it would not any the more clearly state the tax.

It would only make clear, without looking elsewhere, who should be relieved from its burden through exemption. The same may be said of the other section.   It does not change the rule of taxation, or modify it, but only prescribes a rule of estimating values by the tables of mortality.

The practice prescribed to enforce collection seems clear enough, and the fact that there is "no established practice of the probate court in like cases made and provided for the service of citations out of that court, and the hearing and determination thereon, and its enforcement, so far as the same may be applicable," if it be a fact, should not make the law unconstitutional.   If the administrator or executor performs the duty prescribed, as it is to be presumed he will, there will be no necessity for such proceedings.   If he does not, the method usual in such cases should doubtless prove efficacious.

The point is made that the act is unconstitutional because, if a specific tax, the money cannot be lawfully applied to the payment of fees, expenses, and cost of possible litigation.   Our Constitution (article 14, § 1) provides that "all specific State taxes   *   *   *   shall be applied in paying the interest upon the primary school fund," etc. The same section provides that "the legislature shall provide for an annual tax, sufficient, with other resources, to pay the estimated expenses of the State government, the interest of the State debt, and such deficiency as may occur in the resources."   We are of the opinion that such expenses cannot be taken from the gross sum collected, but that the entire tax collected must be paid to the prescribed fund, and such expenses must be otherwise provided for.   This is in accord with the practice hitherto. This provision of the law must, therefore, be held unconstitutional; but we think that the remainder of the act is not so dependent upon it as to require us to hold the entire act void.

It is contended that this tax is not uniform; but, as we have seen, it need not be uniform with other methods of

taxation, and there is as much authority to make exemption from this tax as any other. The progressive rate is objected to upon the ground of nonuniformity, and in this point there is more force, as will be seen from an examination of the dissenting opinion in the case of *Magoun* v. *Savings Bank*, 170 U. S. 301 (18 Sup. Ct. 601). The federal income tax was imposed upon this principle; and these provisions have been sustained in several of the States, among them New York and Illinois. The subject was exhaustively discussed by the majority opinion in the case already cited of *Magoun* v. *Savings Bank*, *supra.*

The writ will be denied, with costs.

MONTGOMERY, C. J., MOORE and LONG, JJ., concurred with HOOKER, J.

GRANT, J. (*concurring*). Counsel for relators do not appear to contend that an inheritance tax—*i. e.*, a tax upon the privilege of inheriting property or receiving it as a legacy or gift—is unconstitutional. Their contention is devoted mainly to a discussion of the proposition that the act does not provide for an inheritance tax, but in fact for a tax upon property, and is, therefore, in conflict with section 11 of article 14 of the Constitution. If this were a new question, I should have no hesitancy in pronouncing this a tax upon property, and therefore void under our Constitution. It cannot be sustained as a tax upon property, or as a specific tax, under the decision of *Pingree* v. *Auditor General*, 120 Mich. 95 (78 N. W. 1025). The tax is assessed upon the market value of the property as established by an appraiser or by the court. The character of a thing is not to be determined by the name given it, but by its inherent qualities. But the weight of authority in support of such taxation is so great, and its continuance so long, that I am compelled, contrary to my judgment, to sustain the legislation.

The decisions are practically unanimous that, in the absence of constitutional provisions inhibiting such method of taxation, it is valid. Its injustice, when applied to

lineal descendants,—widows and children,—is recognized by nearly every legislature, and it is almost universally confined to collateral heirs and legatees. This act, however, imposes a tax upon all personal property in excess of $5,000 upon lineal descendants. All other transfers specified in the act are assessed at 5 per cent. of the market value. To sustain the act sustains the right of the legislature to impose the same tax upon lineal descendants. If it may impose 5 per cent., it may impose 10, or any other, percentage. Where is the limit? One authority says that the taxation must be reasonable, and not amount to confiscation. The tax can only be justified under the necessities and needs of the government. Under a constitution which requires all property to be taxed to support the government, and taxed equally, I find some difficulty in understanding how the necessities and needs of the government require this species of taxation. If this act provided for a tax upon transfers to lineal descendants, and if a man, having paid his tax under the general law on the 1st day of December, the day when taxes are payable in this State, died the next day, devising his property to his widow, she, in order to take it, would be compelled to pay 5 per cent. more. She might die within the month, devising the property to their children, and they must pay another 5 per cent. upon the market value of the property left. I am unable to see any justice in such taxation. A law similar to this was before the supreme court of New Hampshire in *Curry* v. *Spencer*, 61 N. H. 624 (60 Am. Rep. 337). By the constitution of that State the power to tax was expressly limited "to proportional and reasonable assessments, rates, and taxes upon all the inhabitants of, and residents within, the said State, and upon all estates within the same." Their bill of rights also provided that every inhabitant is bound to contribute only his share of the common burden. The tax was held to be in violation of both the constitution and the bill of rights, and the court said that under them—

"It [the tax] is simply extortion in the name of taxation, and it can, therefore, never be sustained in this jurisdiction so long as equality and justice continue to be the basis of constitutional taxation."

Speaking for myself, I fully indorse this language as applicable to this case.

The following cases, while recognizing the validity of inheritance taxes when not prohibited by a constitution, afford instances where the law was held to be in violation of the State constitution: *In re Cope's Estate*, 191 Pa. St. 1 (43 Atl. 79, 45 L. R. A. 316, 71 Am. St. Rep. 749); *State* v. *Ferris*, 53 Ohio St. 314 (41 N. E. 579, 30 L. R. A. 218); *State* v. *Switzler*, 143 Mo. 316 (45 S. W. 245, 40 L. R. A. 280, 65 Am. St. Rep. 653). See, also, *State* v. *Gorman*, 40 Minn. 232 (41 N. W. 948, 2 L. R. A. 701). In *State* v. *Switzler* the tax was held to be not a succession or inheritance tax, but a tax upon property, because it was levied upon the appraised value of the whole estate, and not upon the separate legacy or share of each recipient.

Such tax is sustained upon the theory that, the title of the owner being extinguished by his death, the right to take by inheritance or devise depends upon the statute law, is purely a creature of the statute, and therefore the State may impose any condition it pleases upon the privilege of inheriting or taking by devise. This principle is stated in *Magoun* v. *Savings Bank*, 170 U. S. 288 (18 Sup. Ct. 594), in which, after citing the authorities, the court say:

"It is not necessary to review these cases, or state at length the reasoning by which they are supported. They are based on two principles: (1) An inheritance tax is not one on property, but on the succession. (2) The right to take property by devise or descent is the creature of the law, and not a natural right,—a privilege; and therefore the authority which confers it may impose conditions upon it. From these principles it is deduced that the States may tax the privilege, discriminate between relatives, and between these and strangers, and grant exemptions; and are not precluded from this power by the provisions of the

respective State constitutions requiring uniformity and equality of taxation."

While such a tax does not commend itself to my judgment, and is an evasion of the just principles of taxation, yet, as already stated, it has become too firmly established to now question its constitutionality.   We are cited to no authorities, nor have I been able to find any, which hold such a tax to be invalid, except upon the ground that it is inhibited by constitutional provisions.

Having decided that an inheritance tax may be imposed under our Constitution, the chief remaining question is whether the act provides for a tax upon property, or an excise tax.   The intent of the legislature, as appears in the title and the body of the act, must control.   It expressly defines the tax to be one " of inheritances, transfers of property by will, by intestate laws, by deed, etc., in contemplation of death."   It fixes such excise tax at 5 per cent.   A percentage upon values is the only just method of fixing the tax, if any is to be imposed.   It is entirely consistent with the nature of an excise tax, or a tax upon the privilege of inheriting.   I concur in the opinion of my Brother HOOKER.