STELLWAGEN *v.* WAYNE PROBATE JUDGE.

1. INHERITANCE TAX—EXEMPTIONS.
   Act No. 188, Pub. Acts 1899, relating to the taxation of inheritances, is a substantial copy of a pre-existing statute of New York. Section 21 ( 22 of the New York statute ) was construed by the courts of that State, before its adoption here, to have been enacted for the express purpose of making plain the intent that the exemption of $5,000, allowed by section 2, should be taken from the whole estate, and not from each interest transferred. *Held,* that the construction given the act by the courts of New York State should be adopted in this State. GRANT, J., dissenting.

2. STATUTE ADOPTED FROM ANOTHER STATE—CONSTRUCTION.
   It is a general rule of construction that, where one State adopts a statute from another State, it also adopts the construction the courts of that State have placed upon the statute.

*Certiorari* to Wayne; Donovan, J. Submitted November 21, 1901. ( Docket No. 87.) Decided March 26, 1902.

Petition by Augustus C. Stellwagen, administrator of the estate of Christopher Moross, deceased, against Edgar O. Durfee, probate judge of Wayne county, for a writ of prohibition to forbid the appointment of an appraiser under the inheritance tax law. From an order denying the writ, relator brings *certiorari.* Affirmed.

*Russel & Campbell*, for relator.

*Horace M. Oren*, Attorney General (*Roger Irving Wykes*, of counsel), for respondent.

GRANT, J.   The estate of which the relator is administrator consists of personal property of the value of $8,000. The deceased left five children, who, as his heirs, are entitled to it.   The respondent imposed the tax upon the entire estate.   The relator insists that the exemption provided by the statute applies to each legacy, and not to the entire estate.   The question arises under section 2 of Act No. 188, Pub. Acts 1899, which reads as follows:

"When the property, or any beneficial interest therein, passes by any such transfer to or for the use of any father, mother, husband, wife, child, brother, sister, wife or widow of a son, or the husband of a daughter, or to or for the use of any child or children adopted as such in conformity with the laws of this State, of the decedent, grantor, donor, or vendor, or to any person to whom any such decedent, grantor, donor, or vendor, for not less than ten years prior to such transfer, stood in the mutually acknowledged relation of a parent, or to or for the use of any lineal descendant of such decedent, grantor, donor, or vendor born in lawful wedlock, such transfer of property shall not be taxable under this act, unless it is personal property of the value of five thousand dollars or more, in which case it shall be taxable under this act at the rate of one per centum upon the clear market value of all such property in excess of five thousand dollars."

The title to the act is one providing "for the taxation of inheritances, transfers of property by will,   *   *   *  , by the intestate laws of this State,   *   *   *   or by deed, grant, bargain, sale, or gift made in contemplation of death,   *   *   *   or intended to take effect after death."

The tax is not upon property, otherwise it would be void under the Constitution of Michigan.   *Chambe* v. *Wayne Probate Judge*, 100 Mich. 112 (58 N. W. 661); *Union Trust Co.* v. *Wayne Probate Judge*, 125 Mich. 487 (84 N. W. 1101).   The act consists of 21 sections.   The first 20 sections are carefully drawn, and leave but one conclu-

sion possible, viz., that each transfer stands by itself, that the tax is imposed upon each transfer, and that no tax is imposed upon property. It recognizes the personal and individual right of each devisee, heir, grantee, or donee to receive and enjoy the property transferred to him upon the payment of the tax imposed upon his right to receive it. Each devise, gift, conveyance, or right of inheritance is complete in itself, without any regard to the others. Each transferee is entitled to receive his property upon payment of the tax, or upon giving bond as provided in section 7. Section 3 gives a lien only upon the property of each transferee. This is conceded. But the sole claim is that under section 21,—the last section of the act,—entitled "Definitions," a definition has been given to the words "estate" and "property" which completely nullifies the language of the other sections of the act, overrules legal and popular definitions, and imposes the tax upon the entire estate of every decedent, grantor, donor, or vendor of property. The section attempts to declare that the words "transfer to or for the use of any father, mother, husband, wife, child, brother, sister," etc., used in section 2, cover all transfers, and impose a tax upon the entire estate, and that any transferee desiring to receive his own must pay the tax upon all if the others do not pay.

The right of an heir or devisee vests in him upon the death of the testator. *Davis* v. *Newton*, 6 Metc. (Mass.) 537; *Gelsthorpe* v. *Furnell*, 20 Mont. 299 (51 Pac. 267, 39 L. R. A. 170). Under the first 20 sections of the act, there is no room for construction, interpretation, or definitions. Under them each devise, gift, or grant was a separate conveyance or transfer, entitled the devisee, grantee, or donee to receive his entire share upon paying the succession tax thereon, and the exception of section 2 of the act applied to his individual share, and not to the entire estate. Such was the construction placed upon the act of the State of New York, nearly identical with ours, prior to the amendments made by the legislature of that State in 1892. *In re Cager's Will*, 111 N. Y. 343 (18 N. E.

866); *In re Howe,* 112 N. Y. 100 (19 N. E. 513, 2 L. R. A. 825). Section 21 is as follows:

" The words ' estate ' and ' property,' as used in this act, shall be taken to mean the property or interest therein of the testator, intestate, grantor, bargainor, or vendor passing or transferred to those not herein specifically exempted from the provisions of this act, and not as the property or interest therein passing or transferred to individual legatees, devisees, heirs, next of kin, grantees, donees, or vendees, and shall include all property or interest therein, whether situated within or without this State, over which this State has any jurisdiction for the purposes of taxation. The word 'transfer,' as used in this act, shall be taken to include the passing of property or any interest therein in possession or enjoyment, present or future, by inheritance, descent, devise, bequest, grant, deed, bargain, sale, or gift in the manner herein prescribed. The words ' county treasurer ' and ' prosecuting attorney,' as used in this act, shall be taken to mean treasurer or prosecuting attorney of the county having jurisdiction as provided in section ten of this act."

This section attempts to, and, if held controlling, does, take away from each devisee, grantee, or donee the right to pay the succession tax upon the property unequivocally transferred to him by the other sections, merges the taxes of all such devisees into one, and then makes such tax a lien upon the entire estate, contrary to section 3, which provides for a lien upon the share transferred to each person. Under it no such devisee, etc., can enter into the enjoyment of his share until the tax upon the whole property is paid. If the act had simply provided for a tax of a certain percentage upon the entire property of the estate before the estate should be distributed to the heirs or devisees, it would clearly have been a tax upon property, and wholly void under the Constitution. It would, in that event, have made no difference that the act was entitled " An act for the taxation of inheritances," etc. The character of a thing is to be determined, not by what a legislature may choose to call it, but by what it actually is. To call a tax upon property by another name does not

relieve it from its character as a tax upon property. "If the tax is upon the property as such, it is illegal, by whatever name we may christen it."

Section 21 expressly says that the terms used in the preceding sections of the act shall not be construed to mean what they say, but shall be construed to mean the entire property of a deceased person, or of a grantor or donor, and that the tax shall be deducted from the entire of said estate before any distribution is made. If this contention of the respondent be sustained, the entire act must fail, for the reason that it is a tax upon property, and not upon the right of succession. *State* v. *Switzler*, 143 Mo. 287, 328 (45 S. W. 245, 40 L. R. A. 280, 65 Am. St. Rep. 653); *In re Cope's Estate*, 191 Pa. St. 1 (43 Atl. 79, 45 L. R. A. 316, 71 Am. St. Rep. 749); *State* v. *Mann*, 76 Wis. 469 (45 N. W. 526, 46 N. W. 51).

When the constitutionality of this act was assailed in *Union Trust Co.* v. *Wayne Probate Judge, supra*, it is significant that none of the learned counsel for the relator or for the State relied upon section 21 as changing in any respect the plain language of the previous sections. Section 21 was not mentioned either in the briefs or upon the argument. It was not relied upon. All the learned counsel seemed to concede that the validity of the act must depend upon the construction to be placed upon the first 20 sections, regardless of the definitions provided for in section 21. Upon the construction to be placed upon those sections we decided the validity of the act, and based our decision upon the express ground that it was not a tax upon property,— particularly the property of the estate,— but that it was a tax upon each transfer. If the position had there been taken that section 21 entirely changed the language and meaning of the previous sections, and treated the estate as entire, the tax as entire, and the entire estate subject to a lien for the whole tax, the question would then have been presented whether this court should have held statutory definitions binding where no definitions were

needed, the result of which holding might be to hold the act unconstitutional.

Until an estate vests, the power to tax does not exist. *In re Roosevelt's Estate,* 143 N. Y. 120 (38 N. E. 281, 25 L. R. A. 695); *State* v. *Switzler, supra.* In that case it is said:

> "It is obvious that the tax is upon the transfer by will or devolution by inheritance, and, in the absence of a transfer and a transferee, there is no basis for a succession tax in its true sense, as it comes to us in the history of jurisprudence and of nations."

In that case it is also held that, where the tax is upon a succession, it must be computed on the value of the separate interest, and not upon the aggregate valuation of the whole estate; and that it is a charge only against each share or interest, according to its value, and against each person entitled thereto. If this be the law,—and I see not how it can be doubted,—it would hardly be in the power of the legislature to impose upon a devisee, grantee, donee, or heir a condition that he pay taxes upon others in order to take and enjoy his own.

A law of the United States provided that "any person or persons having in charge or trust, as administrators, executors, or trustees, any legacies or distributive shares arising from personal property, where the whole amount of such personal property shall exceed the sum of ten thousand dollars," shall be subject to certain taxes, varying according to the amount of the personal property of the estate and the degree of relationship of the beneficiary. This statute was construed in *Knowlton* v. *Moore,* 178 U. S. 41 (20 Sup. Ct. 747), decided May 14, 1900. At page 65, the opinion reads:

> "On the very threshold, the theory that the tax is not on particular legacies or distributive shares passing upon a death, but is on the whole amount of the personal property of the deceased, is rebutted by the heading, which describes what is taxed, not as the estates of deceased persons, but as 'legacies and distributive shares of personal property.'"

After quoting from section 29 of the act (30 Stat. 464), the opinion further states:

"The statute clearly imposes the duty on the particular legacies or distributive shares, and not on the whole personal estate. It does not say that the tax is levied on the personal estate left by the deceased person, but it is imposed on legacies or distributive shares arising from such property."

The reasoning of that case is equally applicable in this.

Our statute is adopted mainly from that of New York. Section 22 of the New York act, which is section 21 of this act, was enacted in 1892. That act came before the court of appeals in *Re Hoffman's Estate*, 143 N. Y. 327 (38 N. E. 311), in 1894. The court in that case said that the act of 1892, which was a revision of the whole law, was passed with the knowledge of the decisions of that court upon the subject, and was obviously intended in some respects to compel, on the part of the court, different conclusions. Commenting upon these definitions of "estate" and "property," the court said:

"I recall that I have somewhere spoken of the danger of legal definitions, because almost always certain to prove incomplete and inaccurate, and those referred to are now relied upon and used to overturn and utterly reverse the whole scope and theory of the act as described in our decisions; for the appellant claims that, by force of those definitions, the tax is no longer upon the shares of individuals or their right of succession, but upon the property of the decedent in the hands of his executors or administrators. It would have been easy to have said that if such a reversal of our theory of the tax had been intended; but all through the act it is persistently declared that the tax is imposed, not upon the property of the decedent, but upon the transfer of that property to persons not exempt from taxation. It was useless, upon this point, to define the word 'estate,' for it does not appear at all in the first two sections, which impose the tax. But the definition of the word 'property' as being the aggregate transfer to the aggregated taxable transferees cannot be applied to those sections generally without involving the statute in contradictions and utter confusion, for the aggregate transfer is

clearly not taxed as such. It is constantly distributed into the separate transfers bearing different rates of taxation, chargeable severally against the several transferees, each made personally liable for his own tax, and that to be collected by executors and administrators severally and in due proportions out of the shares of each. The whole law is full of this distinction, provides for it in every direction, and would be a discord of difficult explanation if we applied the definition generally. Nothing, therefore, in these definitions, can be permitted to touch our general doctrine of the nature of the tax.

"But what, then, do they touch, and what purpose do they subserve? We must look for some place in the act where the word 'property' is used by itself, and to some extent ambiguously, and therefore needs the help of a definition. We find such a possible place in section 2, where the phrase is, 'unless it is personal property of the value of ten thousand dollars or more.' That may mean the aggregate value of all the property transferred to taxable persons, or the separate value of each several transfer. We had said that it meant the latter, but now comes the legislature declaring that the word 'property' shall mean what passes to those not exempted, and not what passes to individual transferees. While the prohibition cannot apply to the general theory of the tax, it can apply to this description of a specific limitation. We had said it related to the property of individual transferees, but that construction section 22 was intended to forbid and to prevent. If it does not mean that, I am unable to perceive any office it can perform, or any useful purpose it can subserve. That effect, I think, we are bound to give it, since we can do so without disturbing the scope of the act, and in view of the legal situation which existed, and the possible evil which it was thought prudent to prevent."

The court of appeals of New York seems to have held that, under the constitution of that State, it was immaterial whether the tax was one upon property or upon the right of inheritance. *In re McPherson*, 104 N. Y. 318 (10 N. E. 685, 58 Am. Rep. 502). In *Re Westurn's Estate*, 152 N. Y. 93 (46 N. E. 315), decided in 1897, in a unanimous opinion, the court said:

"It has been steadily maintained that the tax, while, in a general sense, a tax on the property of a decedent, is, in

its essential nature, under the legislation on the subject, a tax on the right to succession to the property, imposed upon and collectible out of each specific share or interest given by will or derived under the statutes of descent or distribution, and limited, as to each share or interest, to its value, with a superadded personal liability for the payment of the tax by the person taking the interest. The tax is computed, not on the aggregate valuation of the whole estate of the decedent considered as the unit for taxation, but on the value of the separate interests into which it is divided by the will or by the statute laws of the State, and is a charge against each share or interest according to its value, and against the person entitled thereto."

It is strenuously urged on the part of the attorney general that our own statute, enacted after the decision in *Re Hoffman's Estate*, is binding upon this court, upon the theory that, when a statute is adopted by one State from that of another, it also adopts the construction placed upon it by the courts of that State. This is the general rule, but such construction is not absolutely controlling upon the courts. The court in that case held that the definition of the word "property" given by the statute had no application, except *possibly* in one place. Such a decision does not, in my judgment, constitute that well-established construction which is controlling in the State subsequently enacting the law. Such an apologetic opinion I am not willing to follow. Neither is it controlling if its adoption results in defeating the validity of the act.

Section 21 changes the tax upon each transfer, and merges all the taxes into one upon the entire property. Thus, as already stated, one must pay the taxes belonging to others in order that he may receive and enjoy his own. If this be so, the constitutionality of the act is very doubtful. A testator devises his property to five persons. Upon what theory of the law can one be compelled to pay the inheritance tax of the other four? The difficulties in adopting the views of the attorney general are great. The rate of taxation upon the succession differs according to the degree of relationship. A discount of five per cent.

is allowed if the tax is paid within six months. If not paid within 18 months, interest is chargeable. One beneficially interested, but not entitled to present possession of his devise, may give a bond not to pay it until he comes into possession. In case of a devise to executors or trustees in lieu of commissions or allowances, the amount of such devise over and above commissions prescribed by law is taxable. By section 11 the appraiser is authorized to appraise, not the estate of the deceased as a whole, but to fix the fair market value of the estate of the person who is subject to the payment of the tax imposed. These provisions not only show the clear intent to treat each devise by itself, but show the difficulty of any attempt to transfer the tax from the specific shares to the entire estate in the hands of the executor, administrator, or trustee.

If, in anticipation of death, a person divides his property equally among his five children, and conveys and delivers to each an equal share, four of the parties take their shares, squander them, or take themselves and their possessions beyond the jurisdiction of the court, can the one remaining be sued for the entire tax, which, by section 21, in connection with section 3, is made a lien upon the entire property conveyed? Can such lien for the whole be enforced against his share? Can each be sued to recover his share of the tax imposed upon the entire estate as a whole, or can they be sued jointly? These questions, and others which readily suggest themselves, show the difficulty in enforcing this act if we adopt the construction placed upon it by the respondent. Where no interpretation is needed, none will be applied. *Newell* v. *People*, 7 N. Y. 97; End. Interp. Stat. § 4.

The words "estate" and "property," as used in the first 20 sections of this act, do not require or admit of any definition. They are susceptible of, and are used with, but one meaning. The definition of these words, as given in section 21, if adopted, would lead to difficulty and confusion, would tie up the estate, would prevent a devisee or heir from taking possession of his own in accordance

with the will of his testator or grantor, and would, in my judgment, change the tax imposed from a succession or inheritance tax into a tax upon the property of the estate.

The order of the court below should be reversed, and the case remanded to the probate court, with instruction to proceed with the division of the estate in accordance with this opinion. No costs should be allowed.

HOOKER, C. J. The statute under discussion is a substantial copy of a pre-existing statute of the State of New York, of which section 21 was a component part, being numbered 22. In the case of *In re Hoffman's Estate*, 143 N. Y. 327 (38 N. E. 311), this section was construed, and it was there held to have been enacted for the express purpose of making plain an intent that the exemption should be taken from the estate of the decedent as a whole, and not from each interest transferred. Undoubtedly, this might have been more clearly expressed, and, if it were here raised for the first time, we should hesitate to give it this construction if any other could be found which would give any effect to the section. The history of the legislation upon the subject in this State shows that some difficulty was experienced in enacting a valid law, and we may, therefore, attach more than ordinary weight to the fact that the legislature copied the act of a sister State, which had been repeatedly passed upon by her courts, and can have little doubt that those decisions were considered and understood. We conceive it improbable that section 22 of the New York act was copied for another purpose without excluding the construction which had been given it in this particular, if the legislature intended that the exemption should apply to the transfer to each beneficiary.

We recognize a limitation upon the general rule that the construction of the law goes with the law when adopted. It is not an unyielding rule, and we do not lose sight of the fact that it may be an extension of the general rule of adoption of previous construction of domestic statutes by re-enactment, and that it is subject to qualifications; yet it must be admitted that only strong reasons

will warrant its disregard.   Such reasons we·do not find in the present case.

The order is affirmed.

MOORE and MONTGOMERY, JJ., concurred with HOOKER, C. J.   LONG, J., did not sit.