CRITTENBERGER, AUDITOR, v. THE STATE SAVINGS AND
TRUST COMPANY ET AL.

[No. 23,546. Filed June 3, 1920.]

1. APPEAL.—*Briefs.*—*Sufficiency.*—In an appeal involving alleged error as to conclusions of law, a brief setting out all the special findings and all the conclusions of law that were questioned is sufficient as against the objection that it did not set out all the conclusions of law. p. 420.

2. TAXATION.—*Inheritance Tax.*—*Probate Court.*—*Jurisdiction.*— Under the facts found, the Inheritance Tax Law, Acts 1913 p. 79, §10143a *et seq.* Burns 1914, gave to the probate court jurisdiction to hear and determine all matters concerning the assessment of inheritance tax on the estate of the testator. p. 420.

3. TAXATION.—*Inheritance Tax.*—*Appeal.*—*Bond.*—In an action brought by the auditor of state to rehear and determine an inheritance tax assessment, which proceeding was prosecuted by the Attorney-General, and the trial court and the parties treated it as an action brought, the right of appeal existed under §9270 Burns 1914, Acts 1899 p. 219, and an appeal bond was not required. p. 420.

4. TAXATION.—*Inheritance Tax.*—*Increased Rates on Increased Inheritance.*—*Constitutionality.*—An inheritance tax law providing for an increased rate of taxation as the amount of the inheritance increases does not violate Art. 10, §1, of the Constitution, providing for uniformity and equality of taxation. p. 422.

5. TAXATION.—*Inheritance or Succession Tax.*—*Legislative Power.* —An inheritance or succession tax is not laid upon the property inherited or devised, but upon the right to take the property by descent or devise; and such right, being derived from legislative enactment, is subject to legislative abrogation or regulation. p. 423.

6. TAXATION.—*Inheritance Tax.*—*Classification.*—*Legislative Power.* —In levying an inheritance or succession tax the legislature may make it applicable to one class of persons or corporations and inapplicable to another, provided the tax is uniform as to the class upon which it operates. p. 423.

7. TAXATION.—*Inheritance Tax.*—*Discrimination.*—*Validity.*—Since the states may tax the right or privilege of taking property by descent or devise, discriminate between relatives and between these and strangers, and grant exemptions, without violating con-

stitutional provisions requiring uniformity and equality of taxation, Acts 1913 p. 79, §10143a *et seq.* Burns 1914, is not objectionable on such grounds as being in conflict with Art. 10, §1, of the state Constitution. p. 424.

8. CONSTITUTIONAL LAW.—*Statutes.*—*Construction.*—Where a statute is susceptible of a construction that would render it constitutional and of another construction that would render it unconstitutional, the former construction, if reasonable, will be adopted. p. 425.

9. STATUTES.—*Construction.*—*Legislative Purpose.*—A statute should be so construed as to avoid defeating the legislative purpose, if that can be done by a reasonable and natural construction of the language used. p. 425.

10. TAXATION.—*Inheritance Tax.*—*Exemptions.*—*Charitable Trusts.* —*Governing Boards.*—*Existence at Testator's Death.*—Where funds were bequeathed to a trust company to be invested and held in trust, certain sums of which were to be paid to the governing boards of institutions to be created by the will for educational and charitable purposes, the trustee and the boards named in the will constituted the "governing body" within the meaning of the Inheritance Tax Law, Acts 1913 p. 79, §10143 *et seq.* Burns 1914, and, in order to exempt such funds from taxation, it was not necessary that the governing board be in existence before the death of the testator, the naming of them in the will being sufficient. p. 425.

From Marion Probate Court; *Mahlon E. Bash,* Judge.

Action by Dale J. Crittenberger, auditor of the State of Indiana, against the State Savings and Trust Company and others. From a judgment for the defendants, the plaintiff appeals. *Affirmed.*

*Evan B. Stotsenberg,* Attorney-General, *Charles J. Orbison* and *Thomas H. Branaman,* for appellant.

*William A. Pickens, Linton A. Cox* and *Earl R. Conder,* for appellees.

WILLOUGHBY, J.—This is an appeal from the probate court of Marion county, Indiana, in the matter of the assessment of inheritance tax on the estate of William L. Higgins, deceased. On motion and re-

quest of the auditor of the State of Indiana the court made a special finding of facts, and stated conclusions of law thereon. The special finding of facts is as follows:

(1) That William L. Higgins, a resident of Marion county, Indiana, died testate on December 3, 1914; that his last will and testament was duly admitted to probate in the probate court of said county on December 7, 1914, and letters testamentary were thereupon issued to State Savings and Trust Company; that said will is still in full force and effect; that said will is as follows:

"I, William L. Higgins, of Marion county and state of Indiana being of sound and disposing mind do make and declare this to be my last will and testament, hereby revoking all former wills by me made.

"1. I give and bequeath all my property both real and personal of every kind and character to the State Savings and Trust Company, of Marion county, Indiana, as trustee, to hold, administer and dispose of the same as hereinafter directed.

"2. I hereby direct that said Trust Company, as trustees, shall pay out of my estate all my just debts and funeral expenses and place above my last resting place a suitable monument which monument shall not exceed in cost six hundred dollars.

"3. I direct that the said Trust Company, as trustee, shall pay out of my estate the sum of two thousand dollars to each of the following named children of my brother Julius W. Pinnell; to Mary Pinnell Graham, two thousand dollars; to Armel W. Pinnell, two thousand dollars; to

Victor Pinnell, two thousand dollars; to Herbert Pinnell two thousand dollars; and to George Barton Winkler two thousand dollars; to Barbara Winkler two thousand dollars. The last two named being the grandchildren of my brother Barton S. Higgins. The said sums to be paid to each of said children when they respectively shall become of the age of twenty-five years; and in case any one of said devisees shall die leaving neither widow nor child then the portion of said devisee shall be divided equally among the survivors of said named devisees; and in case of any one of said devisees shall die before receiving this bequest leaving widow or children of his or her body then the bequest intended for the said deceased shall be paid to said widow and children at the date said deceased would have arrived at the age of twenty-five years to be divided among said widow and children in the portions that estates are divided among heirs under the statutes of Indiana.

"4. I direct that said Trust Company, as trustee, shall pay out of my estate to Mrs. Henry Dunham five hundred dollars, and to Mrs. Pearl Evans, twenty-five hundred dollars, and shall deliver to said Mrs. Pearl Evans all my music and musical books and musical papers and piano.

"5. I direct that said Trust Company, as trustee, shall pay to Lebanon Cemetery Company, of Lebanon, Boone county, Indiana, one hundred fifty dollars to be received by said Cemetery Company and placed by it upon interest, the net proceeds thereof to be used each year toward the preservation of the graves and monuments of

James H. Pinnell, Avalena F. Pinnell, J. Buren Higgins, Lelia A. Higgins, and of my body, if there interred, in the cemetery supervised by said company, but said company shall have no power to use any part of the principal.

"6. I hereby direct that said Trust Company, as trustee, shall create a fund known as the Buren Higgens Fund in memory of my deceased son Buren; said fund to be created, administered and disposed of as follows: The said fund shall be constituted of the net proceeds of my real estate at No. 310 North Delaware Street, in the city of Indianapolis, said county, more particularly described as follows: 'The north half of lot No. five (5), Block twenty-four (24), in the city of Indianapolis, Marion county, Indiana.'

"The said Trust Company, as trustee, shall always maintain upon the said real estate a building of respectable appearance to be devoted to lawful purposes, which building shall always bear the name 'The Buren' in memory of my son, which name shall be suitably displayed on said building, but no part of my estate other than the income from said last described real estate shall be used for the erection or maintenance of such building. Said Trust Company, as trustee, shall keep the taxes, insurance, interest on any loan on said property, repairs and maintenance of said building paid from the income therefrom and the balance of said income shall constitute said fund. Said fund shall be disbursed by said trustee on the order of an administrative board of three, as such board may require, which board shall be constituted as follows: I hereby elect, constitute

and appoint the following persons as the initiative members of said board: Julius W. Pinnell and Matthias L. Haines of the city of Indianapolis, Marion county, Indiana, and Frank Coombs of Boone county, Indiana. The said board shall receive the said fund and expend the same in such manner and at such times in aiding worthy young men in procuring such collegiate educations either technical or literary as in their judgment, or in the judgment of the majority of them may seem advisable. Whenever any member or members of said administrative board shall die, be removed or resign from any cause then the surviving member or members of said board shall choose some suitable male citizen to fill his or their places, and by such method make said board perpetual.

"7. I hereby direct that said Trust Company, as trustee, shall keep all the remainder of my estate, preserving the same in such form as shall be to the best interest of my estate and procure the greatest revenue in the judgment of said Trust Company, and after paying the expenses of preserving and administering the same the said trustee shall disburse the proceeds of said estate in the aid and support of aged indigent persons, male and female, residents of the state of Indiana, as may be directed by the board of administration hereinafter designated or by the majority of them. Provided, further, that from the final fund out of which distribution as aforesaid shall be made to aged indigent persons, I direct said trustee to pay unto the Little Sisters of the Poor, in Indianapolis, the sum of fifty dollars per an-

num for twenty-five years. I hereby make, constitute and appoint Julius W. Pinnell, Matthias L. Haines, John H. Holliday and Charles Latham, of said Marion county, and Frank Coombs, of Boone county, Indiana, a board of administration to supervise the use and expenditure of the funds herein bequeathed to the use of the aged and indigent. Should any member or members of said board die, be removed, or resign for any cause, then the survivors shall choose some male citizen, or citizens, to fill his or their places, and in such manner make the said board perpetual. The said board shall determine to whom aid may be given from the said fund, and the extent and character of such aid, but they shall not have any power to give any portion of said fund toward the erection, or maintenance of any building or property to be used as a home for the aged except that they may, and I hereby direct that they shall, select a good room in some home for the aged in the city of Indianapolis, furnish, decorate, and keep furnished and decorated said room by and with the consent of the directors or managers of such home, giving the same room the name 'Avalena F. Pinnell Room' in memory of my dear mother. Such board may use their judgment in giving aid to aged persons either in homes that may be provided for them, or in place or manner such board may determine, within the state of Indiana.

"Witness my hand and seal November 19th, 1914.

"William L. Higgins.

"The foregoing instrument was signed, sealed

and acknowledged by William L. Higgins as his last will and testament in our presence, and we at his request and in his presence and in the presence of each other signed and subscribed the same as witnesses, all at Indianapolis, on the 19th day of November, 1914.

"Frank Geiger,
"Edna P. Wyatt."

(2)    That the total gross value of said estate real and personal is $203,947.47; that indebtedness and costs of administration amount to $80,940.05; that the total net value of said estate real and personal is $123,007.42.    (3) That the persons named in item 3 of the will are related to said testator as follows: Mary Pinnell Graham, niece; Armel W. Pinnell, nephew; Victor Pinnell, nephew; Herbert Pinnell, nephew; George Barton Winkler, great-nephew; and Barbara Winkler, great-niece; that Mrs. Henry Dunham and Mrs. Pearl Evans, who are legatees by item 4 of said will, are not related by blood to said testator.    (4) The State Savings and Trust Company is a corporation organized under and by virtue of the laws of the State of Indiana providing for the incorporation of loan, trust and safe deposit companies. (5) That the value of the gift, devise and bequest under item 6 of said will, designated as "The Buren Fund," is $53,500.    (6) That the value of the gift, devise and bequest under item 7 of said will, for aged and indigent persons, is $53,207.42, and for Little Sisters of the Poor is $1,250.    (7) That on September 22, 1915, Julius W. Pinnell, Matthias Haines and Frank Coombs signed and adopted the following declaration and resolution:

"The undersigned Julius W. Pinnell, Matthias Haines and Frank Coombs, the administrative

board of three created by item six (6) of the last will and testament of William L. Higgins, deceased, to administer the fund created by said will under the name of the Buren Fund, hereby unanimously resolve and declare that it is their purpose as such board to use the said Buren Fund created by said last will solely for the educational purposes stated in said will within the state of Indiana.

"In witness whereof, each of the trustees have hereunto set their names on the day above named.

"Julius W. Pinnell,

"M. L. Haines,

"Frank Coombs."

And on such special finding of facts the court stated the following conclusions of law: (4) "That the gift, devise and bequest provided for in item 6 of said will of said decedent is not subject to the payment of any inheritance tax. (5) That the gift, devise and bequest provided for in item 7 of said will of said decedent is not subject to the payment of any inheritance tax."

To each of these conclusions of law appellant excepted. The court then rendered judgment on said special finding of facts and conclusions of law accordingly. From such judgment appellant appeals and assigns error as follows: (4) The court erred in its conclusion of law No. 4 upon the special finding of facts. (5) The court erred in its conclusion of law No. 5 upon the special finding of facts. (6) The court erred in overruling appellant's motion to restate conclusions of law and modify the judgment.

The appellee contends that appellant's brief is insufficient to present any question under the rules be-

cause of omission to set out all the conclusions of law, and in support of such contention cites *State* v. *Lukins* (1909), 43 Ind. App. 341, 87 N. E. 246.

The case cited does not support appellee's contention. In that case neither the special findings, nor any of their contents, were set out, and no 1. statement of what the conclusions of law were, nor how many there were, nor the substance thereof, was given in appellant's brief. In the instant case appellant's brief sets out in full all the findings of fact and all the conclusions of law *which were questioned*. It is sufficient as against that objection. Rule 22, cl. 5.

The contention that the court had no jurisdiction of the appellees is without merit. Under the facts found the Inheritance Tax Law, Acts 1913 2. p. 79, §10143a *et seq.* Burns 1914, gave to the probate court of Marion county jurisdiction to hear and determine all matters concerning the assessment of inheritance tax on the estate of the testator. *Union Trust Co.* v. *Wayne Probate Judge* (1901), 125 Mich. 487, 84 N. W. 1101.

The Appellate Court, we think, correctly held in this case, on motion to dismiss the appeal (63 Ind. App. 151, 114 N. E. 225), that the right of 3. appeal existed, and that it fell within the provisions of §9270 Burns 1914, Acts 1899 p. 219, and an appeal bond was not required.

Section 10143a Burns 1914, *supra,* provides: "That a tax shall be imposed upon any transfer of property, real, personal or mixed, or any interest therein or income therefrom in trust or otherwise to any person, association or corporation, except county, town or municipal corporations for strictly county, town,

municipal purposes, or to the bishop, rector, pastor, trustee, board of trustees, or governing body of any educational or religious institution, who shall use the property so transferred solely for religious, charitable, or educational purposes, within the state, and corporations of this state organized under its laws solely for religious, charitable or educational purposes, which shall use the property so transferred exclusively for the purposes of their organization within the state."

Section 10143d Burns 1914, *supra,* provides that the following exemptions from the inheritance tax shall be allowed: "All property transferred to municipal corporations within the state for strictly county, town or municipal purposes, or to the bishop, rector, pastor, trustee, board of trustees, or governing body of any educational or religious institution, who shall use the property, so transferred solely for religious, charitable or educational purposes, within the state, or to corporations of this state organized under its laws solely for religious, charitable or educational purposes, which shall use the property so transferred, exclusively for the purpose of their organization, within the state."

The appellee claims that this act is unconstitutional under §1, Art. 10, of the Constitution of Indiana, being §193 Burns 1914. The section of the Constitution referred to provides: "The general assembly shall provide, by law, for a uniform and equal rate of assessment and taxation; and shall prescribe such regulations as shall secure a just valuation for taxation of all property, both real and personal, excepting such only, for municipal, educational, literary, scientific, religious, or charitable purposes, as may be especially exempted by law."

In the case of *Booth's Exr.* v. *Commonwealth, ex rel.* (1908), 130 Ky. 88, 113 S. W. 61, 33 L. R. A. (N. S.) 592, it is held that a collateral inheritance tax 4. does not violate constitutional requirements of uniformity or equality in taxation, although it is a definite per centum upon the amount of the inheritance; nor is it invalid because it may result in discrimination between relatives and strangers. In a note on that case (33 L. R. A. [N. S.] 592) we find the following: "Those provisions found in almost all, if not all, the Constitutions of the several states, requiring uniformity and equality of taxation, seem to have furnished the weapon of attack upon the validity of inheritance taxation more frequently than any other constitutional provision. It may, however, be laid down as a general rule that the states may tax the privilege of succeeding to the property of the former owner upon his death, discriminate between relatives and between these and strangers, and give exemptions, and are not precluded from this power by the constitutional provision just referred to." An inheritance tax law providing for an increased rate of taxation upon inheritances as the amount of the inheritances increased does not violate the constitutional provision as to uniformity and equality. *Nunnemacher* v. *State* (1906), 129 Wis. 190, 108 N. W. 627, 9 L. R. A. (N. S.) 121, 9 Ann. Cas. 711; *In re McKennan's Estate* (1911), 27 S. D. 136, 130 N. W. 33, 33 L. R. A. (N. S.) 620, Ann. Cas. 1913D 745.

In *Nettleton's Appeal* (1903), 76 Conn. 235, 56 Atl. 565, it was held that an inheritance tax law was not unconstitutional because, in imposing death duties, it made an arbitrary difference between estates of $10,000 and those of a greater amount, so that a lega-

tee of an estate of $10,000 paid no tax, but a legatee of an estate of more than $10,000 was taxed. The court said that such result was "a mere incident to the operation of a law enacted solely for the purposes of taxation and clearly within the legislative power of taxation, and is not an attempt, either in form, substance, or purpose, to exercise that power of favoring some persons and punishing others, at the mere will of the legislature, which the Constitution excludes from the grant of legislative power."

In the following cases the exemptions from inheritance taxes of estates not exceeding a certain sum in value, but not exempting that sum in large estates, were held not to violate the constitutional requirement of equality and uniformity. *Minot* v. *Winthrop* (1894), 162 Mass. 113, 38 N. E. 512, 26 L. R. A. 259; *In re Fox's Estate* (1908), 154 Mich. 5, 117 N. W. 558; *In re Morris Estate* (1905), 138 N. C. 259, 50 S. E. 683; *State, ex rel.* v. *Henderson* (1900), 160 Mo. 190, 60 S. W. 1093; *In re Estate of Speed* (1905), 216 Ill. 23, 74 N. E. 809, 108 Am. St. 189.

An inheritance or succession tax is not laid upon the property inherited or devised, but upon the right to take the property by descent or devise, which is a right owing its existence to the authority of a legislative enactment and subject to legislative abrogation or regulation. In levying an inheritance or succession tax the legislature may make it applicable to one class of persons or corporations and inapplicable to another class, provided the tax is uniform as to the class upon which it operates. *In re Estate of Speed, supra.*

The states may tax the right or privilege of taking

property by descent or devise, discriminate between relatives and between these and strangers, and

7.   grant exemptions, and are not precluded from this power by the provisions of the respective state Constitutions requiring uniformity and equality of taxation. *Magoun* v. *Illinois Trust, etc., Bank* (1898), 170 U. S. 283, 18 Sup. Ct. 594, 42 L. Ed. 1037. The act in question, Acts 1913 p. 79, *supra,* is not open to the constitutional objection urged against it by appellee.

Appellee claims that properly construed the charitable bequests and the machinery provided for their handling and administration in items 6 and 7 of the Higgins will make the gifts exempt under the inheritance tax law; the appellee trust company being trustee for the institutions created bv said will within the meaning of the statute.

The appellant contends that in order to be entitled to exemption from inheritance tax, property must be transferred to the bishop, rector, pastor, trustee, board of trustees, or governing body of some educational or religious institution in existence, and that the Higgins will did not comply with that requirement.   We think appellant has not construed the statute correctly.

The will in item 6 thereof creates an administrative board of three persons for the administration of the Buren Fund, and the will in item 7 names a board of five persons for the administration of the fund for the relief of the aged and indigent persons, residents of the State of Indiana, and to the Little Sisters of the Poor.   The purposes to be accomplished by the Buren Fund provided for in the sixth item of the will are educational and charitable, and those provided for in

the seventh item of the will are purely charitable.  It was the intention of the legislature in providing for exemptions from inheritance taxes that property devoted to the purposes provided for in each the sixth and seventh items of the Higgins will should not be subject to inheritance tax.  This is not disputed by appellant, but appellant claims that the act should be strictly construed, and that a strict construction of the language used in the act prevents exemption from inheritance tax.  The construction contended for by appellant is too technical, and would defeat the object sought by the legislature in providing for exemption, and would condemn the act as an exercise of arbitrary and capricious power which would make it unconstitutional.  *McKinster* v. *Sager* (1904), 163 Ind. 671, 72 N. E. 854, 68 L. R. A. 273, 106 Am. St. 268.

Where a statute is susceptible to two or more possible constructions, one of which will render it constitutional and the other unconstitutional, that one will be adopted, if reasonable, which will rescue the act from unconstitutionality.  *State* v. *Barrett* (1909), 172 Ind. 169, 87 N. E. 7.  The construction contended for by appellee is reasonable, and will render the act constitutional.  The language of the statute ought to be so construed as to avoid defeating the legislative purpose, if that can be done by a reasonable and natural construction of the language used.  We think it can be done.

We think that, in order to receive these trusts, the governing boards of the several institutions need not be in existence before the death of the testator.  They were named in the will.  That was enough.

The gift in each of these items of the will was to the trustee for the governing boards of the insti-

tution provided for the application of the funds, and the State Savings and Trust Company is merely the agent through which the business is transacted, and the general laws of Indiana under which the trust company was organized authorizes it to act as such trustee in the transaction of such business. The trustee, together with the boards named by the will, constituted governing bodies of educational and charitable institutions within the meaning of the Inheritance Tax Law, *supra,* and were capable of taking the property devised for the purposes expressed in the will, and so taking it for the purposes named in the will under the provisions of the inheritance laws it was not required to pay a succession tax. As tending to sustain these views see the following cases: *In re Estate of Spangler* (1910), 148 Iowa 333, 127 N. W. 625; *In re Estate of Crawford* (1910), 148 Iowa 60, 126 N. W. 774, Ann. Cas. 1912B 992; *Matter of Saunders* (1912), 77 Misc. Rep. 54, 137 N. Y. Supp. 442; *City of Indianapolis* v. *Sturdevant* (1865), 24 Ind. 391; *Ackerman* v. *Fichter* (1913), 179 Ind. 392, 101 N. E. 493, 46 L. R. A. (N. S.) 221, Ann. Cas. 1915D 1117; *Vink* v. *Work* (1902), 158 Ind. 638, 64 N. E. 83.

We find no error in the record. Judgment affirmed.