Geoffrey ODLE, Personal Representative of the Estate of Floyd L. Odle, Deceased, Appellant,

v.

INDIANA DEPARTMENT OF STATE REVENUE, Appellee.

No. 49T10–1210–TA–61.

Tax Court of Indiana.

June 28, 2013.

Stephen W. Cook, Cook & Cook, Noblesville, IN, Attorney for Appellant.

Gregory F. Zoeller, Attorney General of Indiana, John D. Snethen, Jessica E. Reagan, Deputy Attorneys General, Indianapolis, IN, Attorneys for Appellee.

FISHER, Senior Judge.

The Estate of Floyd L. Odle through its personal representative, Geoffrey Odle, appeals the Hamilton Superior Court No. 1's (probate court) determination that the beneficiaries under Floyd's will were properly classified as Class B and C transferees for Indiana inheritance tax purposes. In challenging the probate court's determination, the Estate contends that the classification of beneficiaries for purposes of Indiana's inheritance tax scheme violates Indiana's Constitution Article 1, Sections

1, 12, 23, and 35 and Article 4, Section 22.[1] The Court affirms.

## FACTS AND PROCEDURAL HISTORY

On February 12, 2009, Floyd L. Odle died testate. Because Floyd's wife preceded him in death and the couple never had children of their own, Floyd left his entire estate to several collateral relatives, including nephews, great nieces, and great nephews.

On November 10, 2009, the Estate filed its Indiana inheritance tax return classifying each of Floyd's beneficiaries as either Class B or Class C transferees. The Estate remitted its inheritance tax payment to the Hamilton County Treasurer on the same day. The probate court issued an order accepting the Estate's inheritance tax return as filed on November 19, 2009.

On March 15, 2010, the Estate filed a refund claim with the Department, contending that all of Floyd's beneficiaries should have been classified as Class A transferees, not Class B or Class C transferees. The Department denied the refund claim on the same day.

The Estate subsequently appealed the Department's denial of its refund claim to the probate court. On May 7, 2012, after holding a hearing, the probate court issued an order determining that Floyd's benefi-ciaries had been properly classified as Class B and Class C transferees.

The Estate appealed to this Court on June 4, 2012. The Court heard oral argument on January 11, 2013. Additional facts will be supplied as necessary.

## STANDARD OF REVIEW

■ The Indiana Tax Court acts as a true appellate tribunal when reviewing an appeal of a probate court's determination concerning the amount of Indiana inheritance tax due. Ind.Code § 6–4.1–7–7 (2013); *In re Estate of Young*, 851 N.E.2d 393, 395 (Ind. Tax Ct.2006) (citation omitted). Accordingly, while the Court will afford the probate court great deference in its role as the finder of fact, it will review the probate court's legal conclusions *de novo*. *In re Young*, 851 N.E.2d at 395. (citations and footnote omitted).

## LAW

■ "Indiana's inheritance tax statutes impose, at the time of [a] decedent's death, a tax on the privilege of succeeding to certain property rights of deceased persons." *Indiana Dep't. of State Revenue v. Estate of Parker*, 924 N.E.2d 230, 236 (Ind. Tax Ct.2010) (citations omitted). Consequently, the tax is imposed on a transferee's right to succeed to a decedent's property rather than the property itself. *See Indiana Dep't. of State Revenue v. Smith,*

1. Article 1, Section 35 of Indiana's Constitution provides that "[t]he General Assembly shall not grant any title of nobility, nor confer hereditary distinctions." Ind. Const. art. 1, § 35. The Estate claims that the inheritance tax classification scheme grants benefits to individuals based on birth alone in violation of Article 1, Section 35. (*See* Oral Argument Tr. at 15–16, 18–19; Appellant's Reply Br. at 2; Appellant's Br. at 7–8.) The Court, however, declines to address this claim because it was not adequately developed. *See Boehm v. Town of St. John*, 675 N.E.2d 318, 321 (Ind. 1996) (explaining that interpreting a particular provision of the constitution involves an " 'examin[ation of] the language of the text in the context of the history surrounding its drafting and ratification, the purpose and structure of our constitution, and case law interpreting the specific provision[ ]' ") (citations omitted); *Bunker v. Nat'l. Gypsum Co.*, 441 N.E.2d 8, 15 (Ind.1982) (explaining that a court may decline to reach a constitutional issue when a litigant fails to present a sufficient legal argument) (Hunter, J., dissenting).

473 N.E.2d 611, 613 (Ind.1985) (citations omitted).

The amount of inheritance tax due on each of the decedent's transfers is based on the fair market value (usually as of the decedent's death) of the property interests transferred and the relationship between the decedent and the transferee. *Indiana Dep't. of State Revenue v. Estate of Brandewiede*, 873 N.E.2d 209, 212 (Ind. Tax Ct.2007) (citations omitted); *see also In re Grotrian's Estate*, 405 N.E.2d 69, 80 (Ind.Ct.App.1980) (explaining that the "closer" the relation between the decedent and transferee, as defined by the Legislature, the more favorable the tax treatment). With respect to this latter factor, the Legislature has grouped these relationships into three "classes": Class A, Class B, and Class C. *See* IND.CODE § 6–4.1–1–3 (2009) (amended 2011).

Class A transferees, who include, among others, the decedent's lineal ancestors and descendants (*e.g.,* children or grandchildren), the decedent's stepchildren, and their lineal descendants (regardless of whether the stepchild or the stepchild's lineal descendant were adopted), pay taxes on amounts exceeding $100,000 at rates ranging from 1 to 10 percent. *See* I.C. § 6–4.1–1–3(a); IND.CODE § 6–4.1–3–10 (2009) (amended 2012); IND.CODE § 6–4.1–5–1(b) (2009). Class B transferees, the decedent's siblings, a descendant of a brother or sister of the decedent (*e.g.,* a niece or nephew), and a spouse, widow, or widower of a child of the decedent, pay taxes on amounts exceeding $500 at rates ranging from 7 to 15 percent. *See* I.C. § 6–4.1–1–3(b); IND.CODE § 6–4.1–3–11 (2009); I.C. § 6–4.1–5–1(c). Class C transferees include all other transferees (except a surviving spouse) who are neither Class A nor Class B transferees; they pay taxes on amounts exceeding $100 at rates ranging from 10 to 20 percent. *See* I.C. § 6–4.1–1–3(c); IND.CODE § 6–4.1–3–12 (2009); I.C. § 6–4.1–5–1(d).

## DISCUSSION

The Estate contends the creation of "classes" for the determination and collection of inheritance tax that base both the amount of exemption and tax rate on the relationship between a decedent and a transferee violates Indiana's Constitution Article 1, Sections 1, 12, 23, and Article 4, Section 22. (*See* Appellant's Br. at 6.) The Department, however, claims that the Indiana Supreme Court found the inheritance tax classification scheme constitutional over ninety years ago in *Crittenberger v. State Savings & Trust Company*, 189 Ind. 411, 127 N.E. 552 (1920). (*See* Appellee's Br. at 1, 5–7.)

Courts should not pass upon constitutional questions and declare statutes invalid unless a decision upon that very point becomes necessary to the resolution of a cause. *See Indiana Wholesale Wine & Liquor Co. v. State ex rel. Indiana Alcoholic Beverage Comm'n.*, 695 N.E.2d 99, 107 (Ind.1998) (citation omitted). Thus, even if the quality of litigation is sufficient to support a constitutional determination, a court should avoid constitutional issues when it can sustain a judgment on non-constitutional grounds. *See id.* As such, the Court must first determine whether *Crittenberger* resolves any of the claims in this case.

In *Crittenberger,* the Indiana Supreme Court determined that a statute, which exempted certain educational and charitable bequests and devises from inheritance tax, comported with Article 1, Section 10 (the uniformity and equality of assessment and taxation clause) of our Constitution. *Crittenberger,* 127 N.E. at 555–56. In reaching that conclusion, the Indiana Supreme Court explained that the right to take property by descent or devise

is a right owing its existence to the authority of legislative enactment and is not a natural right; thus, the right is subject to legislative abrogation and regulation.[2] *Id.* at 556 (footnote added). In other words,

> the Legislature may make [the inheritance tax] applicable to one class of persons or corporations and inapplicable to another class, provided the tax is uniform as to the class upon which it operates. *The state [ ] may tax the right or privilege of taking property by descent or devise, discriminate between relatives, and between these and strangers, and grant exemptions, and [is] not precluded from this power by the provisions of the [ ] state Constitution [ ] requiring uniformity and equality of taxation.*

*Id.* (emphasis added) (citations omitted).

*Crittenberger,* therefore, clearly provides that inheritance tax classification schemes that distinguish between lineal relatives, collateral relatives, and strangers are both equitable and reasonable when the classifications and statutory schemes operate on the classes uniformly. *See id.* at 555–56 (citations omitted). Consequently, the Supreme Court's holding in *Crittenberger* resolves the Estate's Article 1, Section 1[3] and Article 1, Section 23[4] claims in favor of the Department.[5] Accordingly, the Court turns to the Estate's remaining constitutional claims.

## Article 1, Section 12

■ Article 1, Section 12 of the Indiana Constitution provides: "All courts shall be open; and every person, for injury done to him in his person, property, or reputation, shall have a remedy by due course of law. Justice shall be administered freely, and without purchase; completely, and without denial; speedily, and without delay." IND.

2. *See also, e.g., In re Booth's Ex'r. v. Commonwealth Jefferson Cnty. Att'y.,* 130 Ky. 88, 113 S.W. 61, 63–64 (1908) *State v. Hamlin,* 86 Me. 495, 30 A. 76, 80 (1894) (explaining that the right to take by devise or descent is a creature of legislative enactment, not a natural right).

3. Article 1, Section 1, provides in part: "That all people are created equal; that they are endowed by their *CREATOR* with certain inalienable rights; that among these are life, liberty, and the pursuit of happiness[.]" Ind. Const. art. 1, § 1. The Estate claimed the inheritance tax classification scheme, by basing exemptions and tax rates on the decedent/transferee relationship, contravenes the "principal of equality" in Section 1 because it requires that all "classes" be treated the same (*i.e.,* receive the same exemption and tax rate). (*See* Appellant's Br. at 6, 9–10.)

4. Article 1, Section 23, the Privileges and Immunities Clause, states: "The General Assembly shall not grant to any citizen, or class of citizens, privileges or immunities, which, upon the same terms, shall not equally belong to all citizens." Ind. Const. art. 1, § 23. The Estate claimed the scheme violates Section 23 because the "classes" are based on "arbitrary" familial relationships that are not in-

herently different. (*See* Oral Argument Tr. at 8–10; Appellant's Br. at 7–8, 10 (arguing that there is no distinction between a stepchild (*i.e.,* a Class A transferee), on the one hand, and a niece or nephew (*i.e.,* a Class B transferee), on the other).)

5. The Estate also argued that the inheritance tax classification scheme impermissibly interferes with Floyd's "right" to transfer his estate to his great nieces and great nephews without penalty and restriction, and that the General Assembly has no "legitimate interest in determining who a decedent's transferees should be." (*See* Oral Argument Tr. at 10, 12–13; Appellant's Reply Br. at 3.) The Court, however, finds the arguments unpersuasive because it is a generally recognized rule of law that inheritance tax statutes are not intended to take away the right of a person to make an absolute gift and transfer of his property. *In re Conway's Estate v. State,* 72 Ind.App. 303, 120 N.E. 717, 720 (1918). Instead, the statutes are intended to impose a tax on transfers of property by will, by the laws of inheritance, and by other comparable transfers. *Id.*

CONST. art. 1, § 12. The Estate claims Indiana's inheritance tax classification scheme violates this constitutional provision by producing inequitable administration costs and remedies through its imposition of varying inheritance tax liabilities based on arbitrary familial distinctions. (*See* Appellant's Br. at 6–9, 11 (arguing that Floyd's beneficiaries, as Class B and Class C transferees, paid 458% more in tax than they would have as Class A transferees).)

The remedies clause of Article 1, Section 12 prescribes procedural fairness, guaranteeing a " 'remedy by due course of law' for injuries to 'person, property, or reputation.' " *McIntosh v. Melroe Co., a Div. of Clark Equipment Co., Inc.*, 729 N.E.2d 972, 975 (Ind.2000) (citation omitted). This constitutional assurance of a remedy for injury, however, does not create any new substantive right to recover for a particular harm. *Id.* at 977 (citation omitted). " 'Rather, the clause promises that, for injuries recognized elsewhere in law, the courts will be open for meaningful redress.' " *Id.* (citation omitted).

The Legislature has provided the Estate with four alternative remedies by which to challenge the determination and collection of inheritance tax. *See Sibbitt v. Indiana Dep't. of State Revenue*, 563 N.E.2d 146, 147–48 (Ind.Ct.App.1990), *trans. denied*. The Estate has taken advantage of one of those remedies, the claim for refund process. *See supra* pp. 633–34 (noting that the Estate has, and currently is using, the claim for refund process to challenge its purportedly improper inheritance tax liability); Ind.Code § 6–4.1–10–1 *et seq.* (2009).[6] In so doing, the Estate has been able to present to both the probate court and this Court its claims *via* written motions, written briefs, and oral argument. Consequently, the Estate has not demonstrated that the inheritance tax classification scheme violates Section 12 by imposing inequitable administration costs and remedies.

### Article 4, Section 22

Article 4, Section 22 prohibits the enactment of "local" or "special" laws regarding, among other things, "the assessment and collection of taxes for State, county, township, or road purposes." IND. CONST. art. 4, § 22. The Estate contends that the inheritance tax classifications constitute prohibited special laws because they are not based on consanguinity or any other "uniquely meaningful" or inherently distinguishable characteristic. (*See* Oral Argument Tr. at 19–20; Appellant's Br. at 7, 10–11.) The Court disagrees.

"The determination of whether a law is special or general is a threshold question in determining its constitutionality under" Article 4, Section 22. *Alpha Psi Ch. of Pi Kappa Phi Fraternity, Inc. v. Auditor of Monroe Cnty.*, 849 N.E.2d 1131, 1136 (Ind.2006) (citation omitted). "A statute is 'special' if it 'pertains to and affects a particular case, person, place, or thing, as opposed to the general public.' " *Municipal City of South Bend v. Kimsey*, 781 N.E.2d 683, 689 (Ind.2003) (citation omitted). "A statute is 'general' if it applies 'to all persons or places of a specified class throughout the state.' " *Id.* (citation omitted). Contrary to the Estate's contention, therefore, the statutes classifying beneficiaries for the determination and collection of inheritance tax are not special laws; rather, they are general laws be-

---

**6.** Indiana Code § 6–4.1–10–1 allows a person to file a claim for the refund of inheritance tax that has been erroneously or illegally collected within three years after the tax is paid or one year after the tax is finally determined, which is later. IND.CODE § 6–4.1–10–1(a) (2009).

cause they apply to beneficiaries throughout the entire state in the same manner.[7] Accordingly, the Estate has not shown that Indiana's inheritance tax classification statutes are special laws in violation of Section 22.

tion that Floyd's beneficiaries were properly classified as Class B and C transferees for Indiana inheritance tax purposes.

## CONCLUSION

For the above-stated reasons, the Court AFFIRMS the probate court's determina-

7. Furthermore, to the extent the Estate's Section 22 claim involves the propriety of the inheritance tax classifications themselves, *Crittenberger* has already resolved that claim. *See Crittenberger v. State Sav. & Trust Co.*, 189 Ind. 411, 127 N.E. 552, 555–56 (1920). Indeed, one of the cases upon which the Supreme Court relied upon in *Crittenberger* states:

> To make a distinction between collateral kindred or strangers in blood and kindred in the direct line in reference to the assessment of [an inheritance] tax, either by exempting the kindred in the direct line or by imposing on

> collaterals and strangers a higher rate of taxation, has the sanction of nearly all states which have levied taxes of this kind. It has a sanction in reason, for the moral claim of collaterals and strangers is less than that of kindred in the direct line, and the privilege is therefore greater. The tax imposed by this statute is uniformly imposed upon all estates and all persons within the description contained in it, and the tax is not plainly and grossly oppressive in amount. *Minot v. Winthrop*, 162 Mass. 113, 38 N.E. 512, 516 (1894) (emphasis added); *see also Crittenberger*, 127 N.E. at 556.